WILLIAM D. SILVA, administrator, *vs.* NEW ENGLAND
BRICK COMPANY.

Bristol.    October 27, 1903. — February 26, 1904.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Practice, Civil,* Amendment.  *Employers' Liability Act.*

Under the employers' liability act, R. L. c. 106, §§ 72, 73, an action for causing the
death of an employee after conscious suffering must be brought by his legal rep-
resentatives, while for causing his instant death an action can be brought only
by his widow, or if he leaves no widow, his next of kin, who were dependent
upon his wages for support.  A declaration by an administrator under that act
alleged that the plaintiff's intestate was killed instantly and that he "left no
widow but three children for whose use and benefit this action is brought."
The plaintiff asked to amend by substituting as plaintiffs the widow and children
of the deceased and alleging that they were dependent upon his wages for sup-
port.  The trial judge ruled that the amendment introduced a new cause of
action and the court had no power to allow it.  *Held,* that the ruling was wrong,
and that the court had power to allow the amendment.  The mistake of the
plaintiff was not in regard to the cause of action but in regard to the party in
whose name the action should be brought.

MORTON, J.   This is an action of tort under the employers'
liability act, so called, brought by the plaintiff as administrator
of the estate of Linnel da Cunha who was killed by the caving
in of a bank of clay in the brick yard of the defendant where
he was employed.  Due notice of the time, place and cause of
injury were given as required by statute.  The declaration
alleges that the deceased was instantly killed, and at the trial
it appeared that such was the case.  Thereupon the defendant
moved that a verdict be directed for it on the ground that
the action could not be maintained by the administrator.  The
plaintiff moved to amend his writ, by inserting as plaintiffs the
names of the widow and children, and alleging that they were
dependent upon his wages for support, and that the action was
brought for their benefit.  This motion was denied on the
ground that it introduced a new cause of action, and the court
had no power to allow it, and a verdict was ordered for the de-
fendant.  The plaintiff duly excepted to these rulings.  The
case is here on a report made by the presiding judge at the

request of the parties. If the court had the power " to allow the amendment, then appropriate amendment is to be made, and the case stand for trial. If not, judgment is to be entered upon the verdict."

We think that the court had power to allow the amendment. The declaration alleges in so many words " that said deceased left no widow but three children for whose use and benefit this action is brought." This, taken in connection with the further allegation that the deceased was instantly killed, shows, it seems to us, that the cause of action intended to be relied on was the right of recovery given by the statute to the next of kin in cases of instant death. The fact that the death is alleged to have been instant shows that the cause of action intended to be relied on could not have been the right that is given to the administrator to recover for death in cases where the death is not instantaneous, or where it is preceded by a period of conscious suffering. The mistake arose, not in regard to the nature of the cause of action, but in supposing that the administrator was the party in whose name the action should be brought. And in such a case it is plain that the court has power to allow an amendment bringing in the proper parties. *Adams* v. *Weeks,* 174 Mass. 45. *Lewis* v. *Austin,* 144 Mass. 383. *Hutchinson* v. *Tucker,* 124 Mass. 240.

> *Appropriate amendments to be made and case to stand for trial.*

*C. C. Hagerty,* (*F. S. Hall* with him,) for the plaintiff.
*W. I. Badger,* for the defendant.