## GOULD v. SUBURBAN GAS & ELECTRIC LIGHT CO.

(District Court. D. Massachusetts. February 23, 1917.)

### No. 744.

1. PARTIES ⨺59(4)—AMENDMENT.

There may be amendment to make the action by plaintiff as administrator by him as ancillary administrator; the cause of action remaining the same, to recover for intestate's death.

2. COURTS ⨺311—FEDERAL COURTS—JURISDICTION.

It is the citizenship of the administrator suing, and not the place of his appointment, which gives a federal court jurisdiction.

At Law. Action by Chester Gould against the Suburban Gas & Electric Light Company. Plaintiff's motion to amend granted.

⨺For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

William H. Sleeper, of Exeter, N. H., for plaintiff.
Walter I. Badger, of Boston, Mass., for defendant.

MORTON, District Judge. The defendant moved to dismiss the amended declaration, upon the ground that a New Hampshire administrator has no right to sue in this court. The case was continued, and during the continuance the plaintiff has been granted ancillary administration on the estate of the deceased in this commonwealth. The plaintiff now moves to amend the original action, so that it shall appear that he is suing as ancillary administrator under the Massachusetts appointment. It is objected by the defendant that there can be no such amendment, and that the plaintiff must bring a new suit as ancillary administrator.

[1, 2] On questions of this character the point of inquiry is the nature of the cause of action. As long as that remains the same, the court has discretionary power to allow amendments bringing in the proper parties, as was expressly decided in Silva, Adm'x, v. N. E. Brick Co., 185 Mass. 151, 69 N. E. 1054. In this case it is clear that the cause of action has been and is to recover damages for the death of the plaintiff's intestate; there has been no change in it. Assuming, without so deciding, that the original plaintiff was not the proper person to enforce that cause of action, the court has power to allow an amendment bringing in the proper party plaintiff. In Dearborn v. Mathes, Adm'x, 128 Mass. 194, where the present question was raised after verdict, the court refused, on proceedings for review, to award a new trial, saying that, as letters of ancillary administration had been taken out in Massachusetts, the defendant was in no danger of suffering any injustice. That observation is equally applicable here. Of course, it is the citizenship of the administrator which gives jurisdiction, not the place where his appointment is made. Bishop v. Boston & Maine (C. C.) 117 Fed. 771.

The motion to amend is granted.