VIALETTE E. BAGLEY *v.* ASBURY SMALL (doing business as RAYMOND COAL, GRAIN & ROOFING CO. AND A. SMALL TRUCKING CO.).

108

*Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. Eliot U. Wyman* orally), for the plaintiff.

*McLane, Davis & Carleton* and *William H. Sleeper* (*Mr. Carleton* orally), for the defendant.

BRANCH, J. 1. The contention of the plaintiff "that the defendant's conduct prior to and during the trial was such that he is not entitled to argue against the plaintiff's right of action or to assert error in the trial" cannot be seriously considered in view of Public Laws, c. 315, s. 8. That section provides that a bill of exceptions which is "conformable to the truth of the case shall be allowed by the presiding justice and be entered in the supreme court for determination." Under this section the only question for the court to decide is whether the bill is "conformable to the truth of the case." If it is, it must be allowed. By his order allowing the present bill, the presiding justice has necessarily found that it is conformable to the truth of the case, and this being so, it was his duty to allow it. The conduct of the defendant and his trial counsel upon which the plaintiff's argument is based, was wholly immaterial.

2. The motion by which Vialette E. Bagley, the widow of the deceased was to be substituted as party plaintiff in place of the administrator, was properly granted. *Herlihy* v. *Little*, 200 Mass. 284. "The action thus set out after the amendment was by the dependent next of kin for the death, instantaneous or not preceded by conscious suffering, of her intestate. This amendment was allowed against the exception of the defendants, who contend that upon this record the court had no power to allow such an amendment. . . . The al-

lowance of the amendment made certain which section of the statute was relied upon, and cleared up what was before doubtful upon the pleadings. Hence it cannot be said as matter of law on this record that it introduced a new cause of action." *Ib.* 288, 289. "The mistake arose, not in regard to the nature of the cause of action, but in supposing that the administrator was the party in whose name the action should be brought. And in such a case it is plain that the court has power to allow an amendment bringing in the proper parties." *Silva* v. *Company*, 185 Mass. 151, 152. These cases indicate that the assumption of the defendant that the only right of amendment in such cases is that given by Massachusetts General Laws (Ter. *ed.*), *c.* 229, *s.* 8, is erroneous. The general Massachusetts statute of amendments (Gen. Laws of Mass. (Ter. *ed.*), *c.* 231, *s.* 51) which "empowers the Superior Court to allow any amendment which will enable an action to be maintained for the cause for which it was originally intended to be brought," *Herlihy* v. *Little, supra,* was the basis of decision in both cases and cannot be ignored by us. The amendment having been properly allowed, defendant's motion to dismiss was, of course, rightly denied.

3. It has been thought that the motions for a nonsuit and directed verdict raise the question of the plaintiff's right to maintain this action under the Massachusetts statute, which was decided in *Hill* v. *Railroad*, 77 N. H. 151. The subject has accordingly been reëxamined, but we find no reason to doubt the correctness of the decision in the *Hill* case, and the conclusion there announced that "to entertain this suit is not so repugnant to our judicial system or to the interests of our citizens as to be contrary to what is known as the public policy of the state," (*Ib.* 161), is reaffirmed.

In support of the motions the defendant further argues as follows: "The risk occasioned by Bagley's conduct which resulted in his death was not one which was reasonably to be expected by the defendant. There was no occasion for the defendant to anticipate that the plaintiff would sleep in the cab with the motor running and all windows closed." There is no conclusive evidence that the deceased went to sleep before he was overcome by gas. There is evidence to charge the defendant with knowledge of the custom of truck drivers to sleep in their cabs when overtaken by night away from home. But the complete answer to this argument is found in the law of Massachusetts, which has been stated as follows: "It is sufficient if it appears that the negligent act of the defendant would probably cause harm to another, even though the precise manner in which it oc-

curred could not have been foreseen." *Guinan* v. *Company*, 267 Mass. 501, 517.

4. Subject to the defendant's exception, the plaintiff was permitted to testify that when they were married in 1933, her husband had no property; that they had one child, five years old, and that her husband was accustomed to help her in doing the housework. It is now argued that since, under the Massachusetts statute, damages are "to be assessed with reference to the degree of his [the defendant's] culpability or that of his agents or servants," (Gen. Laws of Mass. (Ter. *ed.*), *c.* 229, *s.* 5), the admission of the foregoing testimony was error.

The Massachusetts court has apparently had little occasion to consider what factors enter into the problem in determining the "degree of . . . culpability" under the statute here involved. They have made it abundantly clear that the loss to the survivors of the deceased is not the test. *Boott Mills* v. *Railroad*, 218 Mass. 582, 584. It has also been pointed out that "the amount of injury inflicted upon the deceased (except so far as it gives character to the wrongdoing of the defendant) is altogether immaterial." *Hudson* v. *Railroad*, 185 Mass. 510, 517. But when considering the question how damages should be assessed under the statute, the court has usually been content to quote the words of the act without elaboration or explanation. In *Dzura* v. *Phillips*, 275 Mass. 283, 290, however, it is said that the damages shall be assessed "according to the blameworthiness inherent in the fatal act." The court here evidently adopts the definition (Webster Int. Dict. 642) of culpability as "blameworthiness of any sort," and the same authority defines culpable as "deserving of censure or moral blame." In determining whether an act is deserving of censure or moral blame, the mental attitude of the actor is of primary importance. One who deliberately does an act with knowledge of the potential dangers involved therein, is clearly more blameworthy than one who carelessly permits a dangerous situation to exist without actual knowledge of the dangers which may result therefrom. One who knowingly endangers human life by his conduct is more deserving of censure than one whose acts merely involve the chance that property may be destroyed, and one who takes the chance of destroying a useful and valuable life is properly regarded as more blameworthy than one who endangers the life of "a drunken loafer." *Morrell* v. *Gobeil*, 84 N. H. 150. The seriousness of the defendant's wrongdoing can be judged only when "all the circumstances of aggravation" are dis-

closed. *Bixby* v. *Dunlap*, 56 N. H. 456, 464. The "degree of blameworthiness inherent in the fatal act" will, in part at least, depend upon the actor's knowledge of the dangers which his conduct involves.

Here the defendant was findably chargeable with knowledge of the decedent's financial situation and family status. The parties were near neighbors in the country village of Raymond. The plaintiff testified that the defendant's place of business was "right near my house." Both as an employer and as a neighbor, therefore, the defendant might be found to have had knowledge of the situation of the deceased and, for that reason, to be chargeable with knowledge of the probable consequences of his conduct in furnishing to an industrious young man of good disposition who was the sole support of a wife and child, a defective truck which was well calculated to cause his death. The evidence was properly admitted. It "gives character to the wrongdoing of the defendant" and he was protected by the charge against any misuse of it by the jury. They were told that "damages can be assessed in this suit only according to the degree of culpability of the defendant . . . and in determining the defendant's fault or culpability, you should weigh, of course, all the circumstances, the character of the employment, the capacity of the man employed, and the dangers to which carelessness might expose the employee."

In accordance with the foregoing considerations it is ordered that there be

*Judgment on the verdict.*

All concurred.