COMMONWEALTH vs. CHARLES H. DUNCAN.

Suffolk.    December 9, 1924. — December 11, 1924.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Larceny. Religious Society. Practice, Criminal,* Charge to jury, Exceptions.

An exception at the trial of a complaint to a charge to a jury "in its entirety" cannot be sustained.

At the trial of a complaint charging larceny of money from a religious society, there was evidence tending to show that the defendant, who was treasurer of the society, had misappropriated the money for personal wants.   The judge in part charged the jury that if the defendant "misappropriated that money by using it for rent or any personal wants, if he lent it to the minister in any amount or amounts without the consent of the society, and without disclosing to the society he was to do so, he is guilty of the charge here, and there is nothing left for you to do but to convict him."   *Held,* that there was no error in such instructions in the charge.

COMPLAINT, received and sworn to in the Municipal Court of the Roxbury District of the City of Boston on May 19, 1924, charging that the defendant did "felonously steal" $3,521.36 from the Ebenezer Baptist Society, a religious society.

On appeal to the Superior Court, there was a trial before *Quinn,* J.   "There was evidence introduced by the Commonwealth to the effect that the Ebenezer Baptist Society was and is a religious society; that the defendant was its treasurer at the time of the alleged larceny and had been for four years prior thereto; that the treasurer had no authority to pay out money to any person except on authority of the Board of Deacons; that the treasurer had paid over to the Reverend C. A. Ward, minister of the church, the sum of $1,607.78; that above and exclusive of this amount there was a shortage in the defendant's account of $3,521.36, the amount of the alleged larceny; and that the defendant had made admissions of using a portion of this to pay his personal expenses."

The charge to the jury, in part, was as follows:

"The gist of this offense, gentlemen, is the breach of trust and confidence. That is the fundamental feature of a case of this character, the breach of trust and confidence. It is not queried at all by the defendant that the auditor's or accountant's report is substantially correct, and there appears therein to be a shortage of approximately $3,500 money which at some time was in the hands of this defendant, conceded to by him.

"If you are satisfied upon the evidence, beyond a reasonable doubt, that this defendant, while treasurer, took and used the whole or any part of that shortage money of the Society, used it for his own purposes or personal wants, or lent it to a third person, whether he be a minister or not, knowing that he had no right so to do, and without the consent of the Society or its officers duly authorized to give that consent, and concealed such appropriation at the time it was taken or lent, he is guilty of the offense charged against him here.

"You will bear those elements in mind again. If, while treasurer, he took and used the whole or any part of this shortage referred to, the property of this Society, for his own personal wants or lent the whole or any part of it to a third person, whosoever he may be, knowing he had no right so to do, and did it without the consent of the Society or its officers duly authorized to give that consent, concealing his actions in so doing from them at the time he used it or lent this money, he is guilty of the offense charged here."

The defendant was found guilty and alleged exceptions "to the charge of the court in its entirety, but more specifically to that portion in which the court stated 'there is nothing left for you to do but to convict the defendant' and also that part of the charge relative to fraudulent purpose of the defendant."

*J. F. Henry*, for the defendant.

*G. Alpert*, Assistant District Attorney, for the Commonwealth.

RUGG, C.J. This is a complaint charging the larceny of money belonging to a religious society. The complaint is framed under G. L. c. 266, § 30, wherein it is provided in

effect that the crime of larceny may be committed by embezzlement, by obtaining money by false pretences, and by taking and carrying away personal property by trespass out of the possession of the owner. *Commonwealth* v. *King*, 202 Mass. 379.

The defendant excepted to the charge " in its entirety." Such an exception cannot be sustained under our settled practice. *Curry* v. *Porter*, 125 Mass. 94. *Commonwealth* v. *Meserve*, 154 Mass. 64, 75. *Commonwealth* v. *Jewelle*, 199 Mass. 558. *Cereghino* v. *Giannone*, 247 Mass. 319, 324. The charge as a whole was fair.

Exception was taken to the portion of the charge in which it was stated that if the defendant " misappropriated that money by using it for rent or any personal wants, if he lent it to the minister in any amount or amounts without the consent of the society, and without disclosing to the society he was to so do, he is guilty of the charge here, and there is nothing left for you to do but to convict him." None of these words can be wrenched from their context but must be read as a part of the charge as a whole. *Commonwealth* v. *Cooper*, 219 Mass. 1, 3. *Fisk* v. *New England Tire & Supply Co.* 244 Mass. 364, 374. There was no error in this part of the charge. It stated correctly the elements requisite to establish the offence which, if found to exist, together with other elements set forth in the charge made imperative a verdict of guilty. The acts so set forth import the requisite intent.

Exception was taken also to the " part of the charge relative to fraudulent purpose of the defendant." The charge on that point was in accordance with the law as expounded in *Commonwealth* v. *Tuckerman*, 10 Gray, 173, 202–207. It need not be amplified anew.

*Exceptions overruled.*