## JOSEPHINE ROSELLI *vs.* MAX RISEMAN.

Suffolk.   October 4, 1932. — October 5, 1932.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Motor Vehicle*, Operation.   *Negligence*, Contributory, Motor vehicle, In use of way.   *Evidence*, Presumptions and burden of proof, Relevancy, Competency.   *Practice, Civil*, Amendment, Exceptions.   *Damages*, In tort.

At the trial of an action of tort against the mother of the operator of a motor vehicle, which ran into the plaintiff, and also against the operator, it was proper to require the defendant operator to answer a question, whether the vehicle belonged to him.

The defendant operator, in the action above described, was bound by his positive answer to such question, that the motor vehicle was his but that he had registered it in his mother's name and that his mother did not live with him; and it thereupon was proper at the close of the evidence to allow an amendment striking out the name of the mother as a defendant, the allowance of the amendment being conclusive that thereby no change was wrought in the identity of the cause of action.

At the trial of the action above described, evidence as to the wages earned by the plaintiff at the time of the injury was competent on the issue of damages without special averment in the declaration, it being an element to be considered in determining the amount of compensation to which the plaintiff was entitled.

The circumstance that the plaintiff was a married woman was not a material element in the circumstances above described.

There being evidence at the trial of the action above described showing in part that the defendant's motor vehicle, proceeding at the rate of twenty-five miles per hour, ran into the plaintiff as she was crossing at the intersection of two public streets in Boston, she having started when "all cars were stopped," it was proper to deny a motion that a verdict be ordered for the defendant.

An exception saved by the defendant at the trial above described at the close of the charge to the jury to "the giving of the foregoing instructions" was a general exception to the entire charge and presented no question of law to this court.

It was proper, at the trial above described, to instruct the jury that the burden of proof was on the defendant to show that the plaintiff was guilty of contributory negligence.

TORT.   Writ dated June 22, 1925.

In the Superior Court, the action was tried before *Brown*, J.   A portion of the testimony of the plaintiff was

in substance that, as she started to cross at the intersection of Washington Street and Causeway Street in Boston she looked both ways; that "all cars were stopped"; that when she was in the middle of the street, the defendant's automobile was not moving; that then it started going zigzag; that she stood still, did not move, and the first thing she knew, she went to walk and the automobile struck her left leg; that the automobile was going about twenty-five miles per hour; that there was a space between her and the other curb of the sidewalk to the left hand side; that at the time she stopped the automobile was ten or fifteen feet from her; that the automobile kept on moving after striking her, and that she was dragged about eight feet.

Other material evidence is stated in the opinion. The judge denied a motion that a verdict be ordered for the defendant. There was a verdict for the plaintiff in the sum of $1,581.10. The defendant alleged exceptions.

*H. C. Mamber*, for the defendant, submitted a brief.

*V. Mottola*, for the plaintiff.

RUGG, C.J.   The plaintiff seeks in this action of tort to recover compensation for personal injuries sustained by her, while walking on a public way, through the negligence of the defendant in operating a motor vehicle. The action was originally brought against both the defendant and his mother. The defendant rightly was required to answer the question whether the motor vehicle involved belonged to him. The reply was that it was his motor vehicle but that he registered it in his mother's name and that his mother did not live with him. The ownership of the motor vehicle was an issue in the case because, if not registered in the name of the owner, it was a trespasser upon the highway. *Rolli* v. *Converse*, 227 Mass. 162. *Shufelt* v. *McCartin*, 235 Mass. 122. *Kilduff* v. *Boston Elevated Railway*, 247 Mass. 453. The defendant was bound by his positive testimony that he was the owner of the motor vehicle and that it was not registered in his name. *Sullivan* v. *Boston Elevated Railway*, 224 Mass. 405. The allowance of the amendment at the close of the evidence striking out the name of the mother of the defendant as a

codefendant was within the discretionary power of the trial judge. *Pizer* v. *Hunt,* 253 Mass. 321. The pleadings thus were made to conform to the proof. The allowance of the amendment was conclusive that thereby no change was wrought in the identity of the cause of action. *Shapiro* v. *McCarthy,* 279 Mass. 425, and cases cited. This is true even though the cause of action would be barred by the statute of limitations if then instituted. *Johnson* v. *Carroll,* 272 Mass. 134, 138. Evidence as to the wages earned by the plaintiff at the time of the injury was competent on the issue of damages without special averment in the declaration. It was an element to be considered in determining the amount of compensation to which the plaintiff was entitled. The circumstance that the plaintiff was a married woman made no difference in this particular. *Sibley* v. *Nason,* 196 Mass. 125, 131. *Mahoney* v. *Boston Elevated Railway,* 221 Mass. 116. *Ackerly* v. *Boston Elevated Railway,* 275 Mass. 94. *Chelsea Moving & Trucking Co. Inc.* v. *Ross Towboat Co., ante,* 282, 285. A verdict could not rightly have been directed for the defendant. Whether the conduct of the plaintiff was wanting in due care and contributed to her injury was plainly a question of fact. The evidence need not be narrated.

The charge of the presiding judge appears to be printed in full. At its conclusion the defendant excepted to "the giving of the foregoing instructions." This is a general exception to the entire charge. Such an exception does not lie and cannot be considered under our settled practice. *Commonwealth* v. *Duncan,* 250 Mass. 405, 407, and cases cited. *Commonwealth* v. *McDonald,* 264 Mass. 324, 335. The only specific exception to the charge was to the instruction to the effect that the burden of proof was on the defendant to show that the plaintiff was guilty of contributory negligence. That instruction was correct. *O'Connor* v. *Hickey,* 268 Mass. 454, 458. G. L. (Ter. Ed.) c. 231, § 85.

*Exceptions overruled.*