ANTHONY LaFUCCI *vs.* DOMENIC PALLADINO.

ANDREW ZIGARI *vs.* SAME.

Suffolk.   January 3, 1934. — February 13, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & FIELD, JJ.

*Nuisance. Motor Vehicle,* Registration. *Way,* Public: use by unregistered motor vehicle. *Actionable Tort.*

At the hearing in a municipal court of an action of tort for personal injuries sustained by the plaintiff when riding as a passenger in a motor truck, the judge found that the truck was owned by the defendant's father, that it was illegally registered in the defendant's name, and that the plaintiff's injuries were caused when it was struck by another vehicle after it had come to a standstill at the intersection of streets while being operated by the defendant's brother with the defendant's permission. The judge found no facts to warrant the inference that the plaintiff knew or had cause to know that the truck was illegally registered. The plaintiff in substance asked the judge to rule that the defendant, by illegally registering the truck in his own name, thereby created a nuisance and was legally responsible to the plaintiff for the personal injuries which the plaintiff sustained resulting from the operation of the truck. The judge refused so to rule, stating that the requests did not "take into consideration the question of causation," and found for the defendant. A report to the Appellate Division was ordered dismissed. *Held,* that

(1) The findings by the judge established, as matter of law, that the defendant's act of illegally registering the truck contributed to the creation of a public nuisance when the truck was used by the defendant or by him permitted to be used on the highways of this Commonwealth;

(2) As the creator of a public nuisance, the defendant was liable for all direct injury resulting from such act;

(3) Negligence of the defendant was not an element necessary to recovery by the plaintiff;

(4) The rulings requested should have been given;

(5) The order of the Appellate Division was reversed; distinguishing *Falk* v. *Finkelman,* 268 Mass. 524.

TWO ACTIONS OF TORT.   Writs in the Municipal Court of the City of Boston dated December 13, 1932.

In the Municipal Court, the actions were heard together by *Devlin*, J.   Material facts and rulings by the trial judge are stated in the opinion.   There was a finding for the de-

fendant in each action. Reports to the Appellate Division were ordered dismissed. The plaintiffs appealed.

*W. S. Kinney*, for the plaintiffs.

*E. J. Sullivan*, for the defendant.

PIERCE, J. These two actions for personal injuries, tried together, are before this court on appeals from final decisions of the Appellate Division of the Municipal Court of the City of Boston. The reports of the trial judge to the Appellate Division are, in substance, as follows: The second count of the plaintiff's declaration in each action alleged, the first count being waived, that "on or about the twenty-fifth day of February, 1932, the defendant, his agent or servant, operated a motor vehicle on a public highway in the city of Cambridge, in our county of Middlesex, Commonwealth of Massachusetts, which vehicle was illegally registered and known to be illegally registered by the defendant, and while upon said way, the said vehicle caused the plaintiff personal injuries, and he suffered great pain both in body and mind and was put to great expense for medicines, medical attendance and care and was deprived of engaging in his work for a long period of time. All to his great damage." The answer in each action is a general denial, contributory negligence of the plaintiff, and a further answer that on the occasion of the alleged injury the automobile was not then being operated by the servant or agent of the defendant or in connection with his business or interest, nor was it then being operated by and under the control of a person for whose conduct the defendant was personally and legally responsible.

At the trial there was evidence tending to show that the plaintiff in each action was a passenger in a Ford truck which had been illegally registered by the defendant in his own name, the truck being owned by the defendant's father and operated by the defendant's brother with the defendant's permission and consent; and that the truck came into a collision with another automobile at the junction of Brookline Street and Memorial Drive, in Cambridge, as the result of which the plaintiff suffered personal injuries. At the close of the trial and before the final arguments each plaintiff made

the following request for rulings: (1) "The registration of the truck in this case by Domenic Palladino in his own name, he not being the owner thereof and having no legal interest therein, was an illegal registration thereof. G. L. c. 90, § 22." This request was granted by the judge. Each plaintiff made the requests numbered 2 and 3 which follow: (2) "That Domenic Palladino, by illegally registering the truck in this case in his own name, he not being the owner thereof nor having any legal interest therein thereby created a nuisance and he is legally responsible to the plaintiff for the personal injuries which the plaintiff sustained resulting from the operation of the truck, the plaintiff [in each case] having no knowledge nor reasonable cause to know that said truck was illegally registered. St. 1929, c. 180. *Balian* v. *Ogassin*, 277 Mass. 525"; (3) "The truck having been illegally registered by Domenic Palladino in his own name as owner he thereby furnished the means and facilities for the unlawful operation of the car and thereby aided and abetted in the creation of a nuisance and he is liable for the injuries resulting therefrom. *McDonald* v. *Dundon*, 242 Mass. at 233." The trial judge denied requests 2 and 3 and "found the following facts, '[These requests do] not take into consideration the question of causation.' See 268 Mass. 254, [524?] *Falk* v. *Finkelman*. The evidence shows and the court finds that the car, illegally registered in the defendant's name, had been brought to a standstill . . . [in an intersection of streets] just before it was struck by another car." The report contains all the evidence material to the questions reported. The trial judge found for the defendant. The plaintiffs claim to be aggrieved by the rulings and refusals to rule. The trial judge reported the requests and refusals to rule to the Appellate Division for determination. That court ordered that the entry in each case be "Report dismissed."

The findings of the trial judge establish, as matter of law, that the defendant's act of illegally registering the truck which came in collision with an automobile on a public highway, in this Commonwealth, to the harm of the plaintiff in each case, contributed to the creation of a public nuisance

when the unregistered or illegally registered truck was used by the defendant or by him permitted to be used on the highways of this Commonwealth.   The truck was a trespasser and a wrongdoer on the highway.   As the creator of a public nuisance the defendant was liable for all direct injury resulting from such act.   *Dudley* v. *Northampton Street Railway*, 202 Mass. 443, 447.   *Chase* v. *New York Central & Hudson River Railroad*, 208 Mass. 137, 158.   *Bourne* v. *Whitman*, 209 Mass. 155, 171.   *Koonovsky* v. *Quellette*, 226 Mass. 474, 478. *McDonald* v. *Dundon*, 242 Mass. 229, 232.   The trial judge finds no facts to warrant the inference that the plaintiffs knew or had cause to know that the truck was illegally registered.   St. 1929, c. 180.   *Balian* v. *Ogassin*, 277 Mass. 525.   The case of *Falk* v. *Finkelman*, 268 Mass. 524, on which the trial judge and the Appellate Division based their respective decisions, had to do with the violation of a city ordinance, the right of the plaintiff to be protected thereunder resting upon proof that the danger which might happen to him was caused by a violation of the ordinance that was designed to protect the plaintiff and others similarly situated, and that the defendant had negligently or wilfully failed to observe and obey the ordinance.   *Falk* v. *Finkelman*, 268 Mass. 524, on that basis sounds in negligence.   In the cases at bar negligence is not a necessary element.   We think the requests for rulings above quoted should have been given.

*Orders dismissing reports reversed.*