Pettingell, J.
Action of tort to recover for the death of the plaintiff’s intestate. Originally there were three counts in the plaintiff’s declaration, the first two for negligence and third under G. L. (Ter. Ed.) C. 229, §5. There was a finding for the plaintiff on the third count, and findings for the defendant on the first and second counts. The report states that it contains all the evidence material to the questions reported.
*568 The error relied upon is the denial of certain rulings requested by the defendant. The defendant m his brief states that he now relies upon the following, only.
‘ ‘ 1. There is no evidence to warrant a finding that the defendant was negligent.
5. There is no evidence to warrant a finding that the vehicle referred to in plaintiff’s declaration was illegally registered.
11. Even if the Court finds the motor vehicle referred to in plaintiff’s declaration was illegally registered. there is no evidence to warrant a finding that such illegal registration was a cause of or contributed to the accident to plaintiff’s intestate.”
We treat as waived the defendant’s claim of error as to the other requests which were denied.
Taking the defendant’s contentions in their logical order, the first to be considered is'whether there was evidence to warrant the finding that the motor vehicle operated by the defendant was illegally registered. There was evidence that the defendant’s mother owned the business of which he was superintendent; that originally she owned a truck used in that business; that later she allowed the defendant to turn that truck in and replace it with another registered in the defendant’s name; that this truck was later turned in and replaced by the truck in question, registered in the defendant’s name; that this truck did all the trucking required in the mother’s business; that it bore the name of that business on its outside; and that the mother paid all the expenses of operating the truck.
Upon these facts the trial judge could warrantably find as fact that the truck was actually the property of the mother, and that its registration in the uame of the son, who was not the owner, made the registration illegal. Love v. Worcester Consolidated Ry., 213 Mass. 137, at 138; Conroy v. Mather, 217 Mass. 91, at 94; Bacon v. Boston *569 Elevated Ry., 256 Mass. 30, at 32 ; Balian v. Ogassin, 277 Mass. 525, at 533; Roselli v. Riseman, 280 Mass. 338, at 339; Furtado v. Humphrey, 284 Mass. 570, at 573, 574; LaFucci v. Palladino, 285 Mass. 240, at 242, 243; Caccavo v. Kearney, 286 Mass. 480, at 484, 485.
The next contention of the defendant to be considered is represented by his first request, that “There is no evidence to warrant a finding that the defendant was negligent.”
There having been findings for the defendant on the first and second counts, this request must be considered in its relation to the third count which was brought under G. L. (Ter. Ed.) C. 229, §5. One of the early cases brought under that statute was Fairbanks v. Kemp, 226 Mass. 75. It appears in that case at page 76, that the judge ruled at the request of the defendant, “Assuming that the automobile operated by the defendant at the time of the accident was improperly and illegally registered, the fact is immaterial in the determination of the issue raised by the pleadings”, and that “The illegal and improper registration of the automobile operated by the defendant at the time of the accident * * * is no evidence of negligence of the defendant in relation to the injuries and death of the plaintiff’s intestate”.
The court said, at pages 78, and 79,
“The motor car which the defendant was driving was not legally registered. Under the iaws of this Commonwealth it was regarded as a nuisance, and the driver was a trespasser, upon the public way. * * * And the defendant, who was operating chis machine in violation of law at the time of the accident, was responsible to the plaintiff if her unlawful act directly contributed to the intestate’s injury. * * * It follows that the trial judge erred in making the rulings requested by the defendant.”
*570 In DiFranco v. West Boston Gas Co., 262 Mass. 387, which was an action for causing* death, the trial judge in directing a verdict for the defendant, said, at pages 388, 389,
“I am ruling as a matter of law that the vehicle of the defendant company was improperly registered, and . I am further ruling as a matter of law that notwithstanding that the vehicle * * *■ was an improperly registered vehicle, the plaintiff has not proven upon all the evidence * * * that the defendant company through the operator of this vehicle was negligent aside from the fact that the vehicle was improperly registered”
In sustaining the plaintiff’s exceptions, the court said, at page 389,
“The defendant’s automobile was registered under an erroneous engine number; its registration therefore was illegal and it was a trespasser upon the highway * * * As its presence on the highway was in itself unlawful, the defendant was a wrong doer and liable for all direct injury resulting from its use, even though .the injury to the intestate could not have been contemplated as the result of the act done. * * * In Fairbanks v. Kemp, 226 Mass. 75, it was held that an instruction to the effect that .the improper registration of the automobile' is no evidence of negligence was error * * *.
“* * * the declaration contained but one count, which was to recover under the death statute. This Statute, G. L. C. 229, §5; St. 1922 C. 439, imposes a liability upon one who by his negligence causes the death of another. Within the meaning of this Statute, the operation of an automobile illegally registered upon the highway was in itself a negligent act for which the plaintiff could recover. It has been held that the use of such an illegal vehicle is a wrong which gives the injured person a remedy independently of negligence, under the. statute; and the use of such a vehicle upon the public ways makes the owner liable for his conduct and guilty of negligence within the *571 terms of the statute. The violation of the Statute was itself evidence of negligence.” See also, Potter v. Gilmore, 282 Mass. 49, at 50, 51.
DiFranco v. West Boston Gas Co. is positive authority for the proposition that G. L. (Ter. Ed.) C. 229, §5, allows recovery for death where there is no other evidence of negligence than the illegal registration of the offending automobile. It also disposes of the contention of the defendant that the plaintiff’s third count is not based on negligence because negligence is not in terms alleged. The third count, however, specifically alleges that the plaintiff’s intestate’s injuries and death were caused by the operation of the defendant’s car illegally registered and “the use of such a vehicle upon the public ways makes the owner liable for his conduct and guilty of negligence within the Statute ’ ’. The form of declaration used by the plaintiff fairly describes a kind of negligent act within the statute. For cases in which similar declarations have been held good, see Boston Ferrule Co. v. Hills, 159 Mass. 147, at 149; Gately v. Taylor, 211 Mass. 60 at 61, 64.
Nor do we think that there is anything in the defendant’s contention that the plaintiff is barred from relying upon negligence as to the third count because of the findings for the defendant on the first and second counts, which were based on negligence.
The plaintiff may properly state his case in different ways so as to meet each of the various aspects in which the evidence at the trial may possibly leave it. Lynn Safe Deposit & Trust Co. v. Andrews, 180 Mass. 527, at 532. A failure to prove any one count does not mean that as to the issues presented and the facts relied upon to maintain that count the unfavorable decision is res judicata and precludes him from relying further upon them to maintain some other count
*572 “As ifc sufficiently appears that the evidence applied to one count as well as another, and that they are all for the same cause of action, the plaintiffs have a right .to take their judgment upon either count, and therefore if either of the counts is good, there is no sufficient cause to arrest judgment.” Richards v. Farnham, 13 Pick 451, at 455.
Even if the defendant’s contention were sound, which we do not admit, the defendant is not in a position to advance it. The record does not set out in terms the first and second counts. All that we know about them is that they are based on negligence. What else they contain we do not know. We do not know, therefore, whether they failed on their merits or for some other reason. The defendant, by not providing a sufficient record, has failed to bear one of the burdens of an appellant. Barnes v. Loomis, 199 Mass. 578, at 581; Posell v. Herscovitz, 237 Mass. 513, at 516, 517; Gilchrist v. Boston Elevated Ry., 272 Mass. 346, at 350; MacDonald v. Adamian, Mass. Adv. Sh. (1936) 851, at 854.
The remaining contention of the defendant is that the illegality of the registration of the defendant’s motor vehicle was not a cause of or contributed to the plaintiff’s injury.
. It is not necessary that there should be a causal relation between the illegality and the injury in the ordinary meaning of the words.
In Cook v. Crowell, 273 Mass. 356, the plaintiff, who was operating an illegally registered truck, had come to a stop beside the road, and, having taken an order for merchandise from a nearby house, had gone to the back of the truck to get the merchandise. While he was reaching into, the truck for the merchandise he was hit from behind by an automobile. The court said,, at page 359:
*573 “It is plain on the undisputed facts that the plaintiff could not have recovered for the negligent acts of the testator had the injury to the plaintiff occurred during his active operation of the truck and while he was upon it. * * * The remaining question is, Was there a causal connection between the illegal act and the injury complained of, or was the fact that the truck was unlawfully upon the public way a condition which might be evidence of contributory negligence merely? * * * In respect to this question there is a manifest difference in the rule to be applied to a case where the person injured was at the time of the injury away from the trespassing truck a substantial distance. * * * and the case where, as here, at the time of the injury he was actually engaged in or about the truck in removing from it the goods which he had sold and was about to deliver. Applying the rule as stated above to the undisputed facts, a causal connection appears between the plaintiff’s act of unloading the merchandise from the trespassing car and the injury sustained by him while doing so.”
“It is plain the immediate cause of the accident was the illegal use of the street by the intestate (in coasting), and that such use was not a condition of an otherwise lawful use but was a contributing cause without which the accident would not have happened. ’ ’ Richards v. Pass, 277 Mass. 372, at 376.
“Furthermore it is settled that the illegality of (lie operation of an unregistered motor vehicle on the highway permeates the act of operating it and such operation is a cause and not merely a condition of an injury to the operator to which the negligence of another contributes although the unlawful element considered by itself had no tendency to produce such injury, that is, it is not essential to show a causal relation between the unlawful element in the operation and the injury.” Potter v. Gilmore, 282 Mass. 49, at 51.
In Lafucci v. Palladino, 285 Mass. 240, the defendant was the owner of the truck in question but had nothing to do with its operation at the time of the injury, the operator being a brother. At pages 242 and 243, the court said,
*574 “Each plaintiff made the requests numbered 2 and 3 which follows: (2) ‘That Domenic Palladino, by illegally registering the truck in this case in his own name, he not being the owner thereof nor having any legal interest therein thereby created a nuisance and he is legally responsible to the plaintiff for the personal injuries which the plaintiff sustained resulting- from the operation of the truck * * *’ (3) ‘The truck having been illegally registered by Domenic Palladino in his own name as owner he thereby furnished the means and facilities for the unlawful operation of the car and thereby aided and abetted in the creation of a nuisance and he is liable for the injuries resulting therefrom * * *’ The trial judge denied requests 2 and 3 and ‘found the following facts, “(These requests do) not take into consideration the question of eaiusation” *> *' * ¡The evidence shows and the court finds that the car illegally registered in the defendant’s name, had been brought to a stand still # * * (in an intersection of streets) just before it was struck by another car’ * * * The findings of the trial judge establish, as matter of law, that the defendant’s act of illegally registering the truck which came into collision with an automobile on a public highway, in this Commonwealth, to- the harm of the plaintiff in each case, contributed to a public nuisance when the unregistered or illegally registered truck was used by the defendant or by him permitted to be used on the highways of the Commonwealth. The truck was a trespasser and a wrong doer on the highway. As the creator of a public nuisance the defendant was liable for all direct injury resulting from such act.”
Prom these eases we can draw the following conclusions: that the illegality of an illegally registered automobile so thoroughly permeates and surrounds it that it can be an efficient factor in the- causation of an injury, even when the car is standing still, LaFucci v. Palladino, supra; and the operator is out. of the car, Cook v. Crowell, supra; that the owner of an illegally registered automobile may be held responsible for an injury caused by it, although he has nothing to do with the operation of it. LaFucci *575 v. Palladino, supra. It is thus apparent that we are dealing with an entirely different kind of causation than the causation we usually associate with negligence.
In the case at bar, the intestate' was an employee of the owner of the car; he was engaged in her service; his injury could be found to have occurred “in the course of his employment”, Cahill’s Case, Mass. Adv. Sh. (1936) 1957, at 1960, 1961; he left the truck to assist in pushing it up the hill; his injury would not have happened if he had not been assigned to the truck, and if he had not tried to assist in its operation.
We are, therefore, of the opinion, that the injury he received was a direct injury resulting from the operation of an illegally registered truck, and that there was “causation” within the meaning of the decisions cited.
No prejudicial error appearing the report is to be dismissed.