CHARLES A. STROUT, trustee, *vs.* UNITED SHOE MACHINERY COMPANY & others.

Suffolk.    March 17, 18, 1913. — May 24, 1913.

Present: RUGG, C. J., MORTON, LORING, SHELDON, & DE COURCY, JJ.

*Equity Pleading and Practice,* Amendment.    *Equity Jurisdiction,* Laches.

The statutory provisions authorizing amendments by a change of parties and otherwise, now included in R. L. c. 173, § 48, although not made applicable to suits in equity by their express terms, have been treated as applying to such suits or adopted in equity practice by analogy.

Where, on a report of a suit in equity to this court by a judge of the Superior Court for determination of the question, whether an amendment changing the plaintiff and stating the cause of action in a new form was allowed properly, it appears that the amendment was allowed upon arguments and statements by counsel for the respective parties, but these statements are not reported, it is impossible for this court to review the action of the judge, which must have been based in part upon such statements and inferences drawn from them.

An amendment in a suit in equity, changing the plaintiff and substituting a new form of the bill, properly may be allowed, if the original plaintiff consents, even after a rescript has been issued by this court ordering that the bill be dismissed.

It is not a conclusive objection to the allowance of a motion to amend a bill in equity that by reason of the allowance complicated issues may have to be heard involving a consideration of the laws of a foreign State and the powers of officers appointed by its courts.

A suit in equity, originally brought by minority stockholders in a Maine corporation against the corporation and its officers for an accounting as to alleged wrongdoing in the management of the corporation, was reported to this court from the Superior Court for determination of the question, whether a judge of the Superior Court properly had allowed amendments, which had been presented about ten years after the suit was brought and over a year after a rescript had issued from this court directing that the bill be dismissed because it did not appear that it was brought in a proper representation capacity, and which substituted as plaintiff a successor to a trustee of the corporation's assets who eight and one half years before had been appointed in dissolution proceedings in Maine, and substituted a bill of a different form with allegations of new facts, and it was *held* that it could not be said that such laches, either of the original plaintiffs or of the substituted plaintiff, appeared upon the record as to make the allowance of the amendments improper as a matter of law.

BILL IN EQUITY, filed in the Superior Court on November 29, 1902, by individual stockholders of the Goddu Sons Metal Fastening Company, a Maine corporation, against the United Shoe Machinery Company and certain stockholders, officers and directors of the Goddu Sons Metal Fastening Company to compel an accounting as to certain alleged wrongdoings in the management and conduct of the business and property of the Goddu Company.

Demurrers to the original bill were sustained on April 6, 1903. On April 18, 1905, the plaintiffs were allowed to file a substitute bill, to which the defendants demurred. The questions raised by the demurrers were reserved by *Fessenden,* J., for determination by this court, and on September 5, 1911, in accordance with a decision reported in 209 Mass. 539, a rescript was issued order-

ing that the demurrers be sustained and the bill dismissed. On September 13, 1911, the defendants filed a motion for a final decree in accordance with the rescript.

On December 23, 1912, Charles A. Strout, trustee of the Goddu Sons Metal Fastening Company, filed a motion to be substituted as the plaintiff and for leave to file a substitute bill. The substitute bill contained the following paragraph with regard to Strout:

"5. In pursuance of said scheme and conspiracy in June, 1904, the defendant Shoe Company using the majority of stock acquired as aforesaid, caused to be filed a bill in equity under the laws of the State of Maine to dissolve said Goddu Company, according to law, and thereafterwards the Supreme Judicial Court of the State of Maine in February, 1905, dissolved said Goddu Company, and appointed a trustee to wind up its affairs; said trustee remained dormant and inactive, and in 1911 said court accepted the resignation of said trustee and appointed the plaintiff, Charles A. Strout successor trustee, and thereby all the assets of said Goddu Company, and all the rights of action of said corporation became vested in said Strout, trustee, for the purposes of liquidation and winding up, as provided in the statutes of the State of Maine and in said decree of said Supreme Judicial Court, and the plaintiff avers that by the illegal conspiracy aforesaid and the illegal acts of the defendants in execution thereof, the property, assets and business of said Goddu Sons Metal Fastening Company have been greatly damaged and impaired."

The motion was heard by *Fessenden,* J., on arguments and statements by counsel for the several parties. No evidence was offered. The motion was allowed and the case was reported by the judge, with the following stipulations:

"If I was right in allowing the motion of said Strout under the circumstances and against the objections of the defendants, my order allowing the motion is to stand and the case is to be remanded to the Superior Court for such further proceedings as justice and equity may require. If, however, I erred in allowing the motion of said Strout under the circumstances and against the objections of the defendants, then the order allowing the amendment is to be reversed and the defendants' motion for a final decree is to be granted and a final decree is to be entered in the Superior Court dismissing the bill."

Other facts are stated in the opinion.

*J. R. Dunbar & S. L. Whipple,* (*A. Lincoln* with them,) for the plaintiff.

*C. A. Hight,* for the defendants.

RUGG, C. J.    This case now comes before us on a report from a judge of the Superior Court who, after the decision in 209 Mass. 539, ordering that the bill be dismissed, allowed a motion substituting Charles A. Strout, trustee of the Goddu Sons Metal Fastening Company, as the plaintiff and an amended bill of complaint.    The case has been elaborately and ably argued in behalf of the defendants, but in the view we take the points upon which the decision hinges lie within narrow compass.

The defendants challenge the power of the court to allow such an amendment.    The power of the court in this regard is very broad.    R. L. c. 173, § 48, although not in express terms governing suits in equity, has been treated as applying to them and stating general principles touching amendments in equity. *Drew* v. *Beard,* 107 Mass. 64, 76.    *King* v. *Howes,* 181 Mass. 445. *Day* v. *Mills,* 213 Mass. 585, 587, and cases cited.    At the lowest the practice prescribed by the statute is adopted by analogy in equity.

The allowance of the amendment by the court is made "conclusive evidence of the identity of the cause of action." *Tracy* v. *Boston & Northern Street Railway,* 204 Mass. 13, 17. Moreover, although no evidence was offered before the trial judge he heard statements of respective counsel.    These statements are not reported and it is impossible for us to review the action of the judge, which must have been based in part upon such statements and the inferences rationally drawn from them.    Under these circumstances it is not necessary to analyze the amended bill nor compare it nicely with the one originally filed.    It is enough to say that the damages which accrued to the original plaintiffs and which they sought in their own names can be recovered only by the corporation in which they were stockholders, and perhaps only in the present form of action.    It was competent for the court to grant the amendment even after rescript ordering final judgment.    *Merrill* v. *Beckwith,* 168 Mass. 72.

The motion of Mr. Strout must be assumed to have been made with the consent and approval if not by the active co-operation

of the original plaintiffs. It was made by the same counsel who brought the suit originally. The case is distinguishable, therefore, from those relied on by the defendants, where some third person sought against objection to inject himself into the case as a party plaintiff.

It is not fatal as matter of law to the allowance of a motion to amend, that at the trial complicated issues may be raised involving a consideration of the laws of a foreign State and the powers of officers appointed by its courts.

It cannot be said that upon this record appear such laches of the original plaintiffs or of the substituted plaintiff as to prevent the allowance of the amendment as matter of law. The question of laches, if properly raised at the hearing, is not precluded by anything now said.

In accordance with the terms of the report the entry may be,

> *Order allowing motion to stand and case remanded to Superior Court for further proceedings.*