JULIA F. CHURCH, administratrix, *vs.* BOYLSTON and WOODBURY
CAFE COMPANY.

Suffolk.   March 6, 1914. — June 15, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Practice, Civil,* Amendment. *Superior Court.*

Under R. L. c. 173, § 48, the Superior Court has no power to allow a plaintiff to
amend his declaration by adding to it a cause of action that could not have been
intended when the writ was sued out, and accordingly an administrator, who has
appeared in an action brought by his intestate for personal injuries, cannot be
allowed to amend the declaration by adding a count under R. L. c. 171, § 2,
St. 1907, c. 375, for causing the death of the plaintiff's intestate.

CROSBY, J.   The plaintiff's intestate, George W. MacDonald,
by a writ dated March 7, 1910, brought an action in the Superior
Court for personal injuries alleged to have been sustained by
him by reason of the negligence of the defendant.

MacDonald died during the pendency of the action, and the
plaintiff was duly appointed administratrix of his estate and, hav-
ing suggested his death, entered her appearance in the case and
filed a motion to amend the declaration by adding a count in
which she seeks to recover for the death of her intestate under
R. L. c. 171, § 2, St. 1907, c. 375.   The motion to amend has been
allowed.*

The sole question presented is whether as matter of law it was
within the power of the Superior Court to allow the amendment.

The statute authorizing amendments (R. L. c. 173, § 48) is
very broad and under it any amendment in matter of form or
substance may be allowed which may enable a plaintiff "to
sustain the action for the cause for which it was intended to be
brought."

It is also provided by statute that "the allowance by the
court of an amendment shall be conclusive evidence of the iden-
tity of the cause of action."   R. L. c. 173, § 121.

---

* By *Wait,* J.   The jury returned a verdict for the plaintiff; and the de-
fendant alleged exceptions, which raised in various forms the question whether
the amendment properly could be allowed.

The court had power to allow an amendment to enable the plaintiff to maintain the action for the cause for which it was originally intended to be brought, but it had no power to bring in a new cause of action not intended when the writ was sued out. The amendment sets forth a cause of action under a statute that is penal in its nature. It was a cause of action which not only did not exist during MacDonald's lifetime, and could not arise until after his death, but it is not brought for his benefit nor that of his estate. *Cripps's Case*, 216 Mass. 586.

It follows as matter of law that MacDonald could not have intended to bring the action originally for his own death. Hence as matter of law the Superior Court had no power to allow an amendment to add a count to the original cause of action, alleging his death and claiming recovery therefor. See *Herlihy* v. *Little*, 200 Mass. 284, 289; *Strout* v. *United Shoe Machinery Co.* 215 Mass. 116, 119; *Polvere* v. *Hugh Nawn Contracting Co.* 215 Mass. 199, 204. This conclusion is not at variance with *Tracy* v. *Boston & Northern Street Railway*, 204 Mass. 13, and *Upson* v. *Boston & Maine Railroad*, 211 Mass. 446, relied on by the plaintiff.

The exceptions must be sustained and in accordance with the agreement of the parties judgment is to be entered for the defendant.

*So ordered.*

*C. S. Knowles*, for the defendant.

*W. W. Clarke & C. J. Muldoon*, for the plaintiff, submitted a brief.