CATHERINE L. JOHNSON *vs.* VINCENT G. CARROLL.

CHARLES J. JOHNSON *vs.* SAME.

FRANCIS JOHNSON *vs.* SAME.

Middlesex.     November 5, 1929. — July 1, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Practice, Civil,* Amendment, Parties.     *Limitations, Statute of.*

The declaration in an action of tort brought in 1927 against the owner of an automobile contained allegations that injury to the plaintiff was caused by the negligence of the defendant or his agent in its operation a few weeks before the commencement of the action. It appeared that, at the time of such injury, the defendant was not present and that the automobile was being operated with his permission by one who was not his agent. Thereafter, more than a year after the injury, the plaintiff filed a motion to amend the writ and declaration by substituting the operator for the owner as the defendant and the operator's negligence for that of the owner or his agent as the cause of action. Notice of the motion was given to the owner only. The motion was allowed and process was issued against the operator. He appeared specially and filed a motion to dismiss, which was denied, and an answer in abatement, which was overruled. *Held,* that

(1) The amendment sought to be made by the plaintiff was not open to the objection that it joined the operator and the owner as defendants in the same action;

(2) The allowance of the amendment imported a finding by the judge who heard the motion that the plaintiff thereby would be enabled to maintain the action for the cause for which it originally was intended to be brought;

(3) That finding was warranted: the plaintiff's cause of action at the commencement of the action was negligent operation of the automobile which resulted in injury to the plaintiff;

(4) The operator was not entitled to notice of the motion to amend or to an opportunity to be heard thereon: he was not a party to the action at the times when the motion was filed and was heard, and, after the service of process on him, he had the right to appear and make every defence which would have been open to him had he been joined as the defendant originally, including the right to call in question the power of the judge to allow the amendment;

(5) The circumstance, that the plaintiff's cause of action would have been barred by the statute of limitations if he had brought a new action against the operator at the time he filed the motion to amend, did not prevent the allowance of the motion;

(6) The orders by the judge were proper.

THREE ACTIONS OF TORT originally against Warren B. Osborne. Writs dated August 12, 1927.

In the circumstances described in the opinion, the plaintiffs on March 30, 1929, filed motions to amend the writs and declarations by substituting Vincent G. Carroll as defendant in place of Osborne. The motions were heard in the Superior Court by *Greenhalge, J.,* and were allowed. Carroll appeared specially in each action on May 18, 1929, and filed a motion to dismiss, which was denied, and an answer in abatement, which was overruled. The judge thereupon reported such rulings for determination by this court.

*F. P. Hurley,* for the defendant.

*L. Hill,* for the plaintiffs.

RUGG, C.J. On July 4, 1927, a collision occurred on a public way between an automobile owned and operated by the plaintiff Charles J. Johnson, in which all the plaintiffs were riding, and an automobile owned by Warren B. Osborne which was being operated by Vincent G. Carroll, not as the agent of Osborne but with his permission and in his absence. Actions were brought by the several plaintiffs to recover compensation for personal injuries and property damages against Osborne. At that time the plaintiffs understood that Osborne owned the automobile which Carroll was operating. The several declarations alleged causes of action because of the negligence of Osborne or his agent in operating his automobile. Subsequently the plaintiffs filed motions to amend their several writs and declarations so as to strike out Osborne as defendant and to transform them into actions against Carroll

founded on his negligence in operating the automobile. Notice of these motions was given to Osborne but not to Carroll, and they were allowed by the court over Osborne's objection. Thereafter order of notice for personal service was issued directed to Carroll. In due time he appeared and filed a motion to dismiss and an answer in abatement in each case, based on the facts already narrated. Orders were entered denying the motions and overruling the answers. The correctness of those orders has been reported for our determination.

The circumstance that after these actions were brought and before the motions to amend were filed, other actions founded on the same collision were brought against Carroll by the several plaintiffs, and after a short time discontinued, may be laid to one side. It is irrelevant to any issue here raised.

No one of the plaintiffs could have joined Osborne and Carroll as defendants in a single action upon the facts here disclosed. *Popkin* v. *Goldman,* 266 Mass. 531. That has not been done. Osborne, the single defendant when the actions were brought, was eliminated from the cases as a party before Carroll was brought in, also as a single defendant.

The allowance of the amendment striking out Osborne as the defendant and inserting Carroll as the defendant was an adjudication by the court that the several plaintiffs would thereby be enabled to maintain their actions for the causes for which they were originally intended to be brought. It cannot be set aside if warranted upon the facts. It plainly was warranted. The cause of action intended to be prosecuted when the writs were sued out was that founded on the negligent operation of the automobile through collision with which they were injured. The facts hitherto recited fully warranted a finding that the cause of action for which each writ was brought was the same as that now being prosecuted. *Herlihy* v. *Little,* 200 Mass. 284, 289. *Tracy* v. *Boston & Northern Street Railway,* 204 Mass. 13, 17. *Clark* v. *New England Telephone & Telegraph Co.* 229 Mass. 1, 5–6. G. L. c. 231, §§ 51, 138.

The defendant was not a party to the proceedings when the motions to amend were filed and allowed. Therefore he was not entitled to notice or to an opportunity to be heard. There was no violation of the principle that ordinarily there must be a hearing on controverted questions before decision is rendered. *Parker* v. *Lewis J. Bird Co.* 221 Mass. 422. *Savage* v. *Welsh,* 246 Mass. 170, 184. *Norcross* v. *Haskell,* 251 Mass. 30, 33. *Smyth* v. *Phillips Academy,* 154 Mass. 551, 557. *Union Trust Co.* v. *Magenis,* 266 Mass. 363. Hearing was given to Osborne, then the party defendant. That was all that was necessary. The introduction of a new party defendant without notice to him of the amendment is permissible. *Cohen* v. *Levy,* 221 Mass. 336. Of course he cannot be brought into court without process. But that was issued in the cases at bar. He has every opportunity to defend himself to the same extent as if he had been originally made the defendant. After the rightful allowance of the amendment and the bringing of the defendant into court by due process, each case stood the same in effect as if he had been originally named as defendant. *Holmes* v. *Carraher,* 251 Mass. 536, 538. In addition to the defences which would have been open to the defendant if he had been the defendant originally named in the writs, he had the right to contest the power of the court as matter of law to allow the amendments under the statute and proper practice. For example, he could demonstrate that as matter of law it was impossible for the court to find that the cause of action shown upon the papers as amended was the cause of action originally intended to be brought. *Sterling* v. *Frederick Leyland & Co. Ltd.* 242 Mass. 8. *Bowen* v. *Fairfield,* 260 Mass. 38 and cases collected. It was also open to him to contend that the requisite finding was not supported by the evidence or as inference from established facts. *Silver* v. *Gordon,* 139 Mass. 280. The defendant has presented every defence of this nature which he desired. The defendant fails on these grounds, and the three cases last cited and similar decisions are not pertinent to the present record. There was no legal impediment to the allowance

of the amendments provided the court found the essential fact that the plaintiffs originally intended to bring actions for the causes now disclosed on the papers as amended, and that finding was permissible on the facts reported.

That the cause of action would have been barred by the statute of limitations if originally brought against Carroll at the time the motions to amend were presented, was not conclusive against the allowance of the amendments but might have been found to afford additional reason for allowing them.    See cases collected in *Genga* v. *Director General of Railroads*, 243 Mass. 101, 104.

The cases at bar are covered in every essential particular by *McLaughlin* v. *West End Street Railway*, 186 Mass. 150.    That leading case has been followed in numerous subsequent decisions.    *Genga* v. *Director General of Railroads*, 243 Mass. 101, 104 and cases cited.    *Eaton* v. *Walker*, 244 Mass. 23, 29.    *Phillips* v. *Director General of Railroads*, 251 Mass. 263, 270.    *Attorney General* v. *Henry*, 262 Mass. 127, 130.    In each case the entry may be

*Orders affirmed.*