Leo J. Melanson *vs.* Thetis E. Smith.

Essex.     November 18, 1932. — February 16, 1933.

Present: Rugg, C.J., Crosby, Pierce, Field, & Lummus, JJ.

*Practice, Civil,* Amendment.   *Limitations, Statute of.*

It was within the discretionary power of a judge of the Superior Court under G. L. (Ter. Ed.) c. 231, §§ 51, 138, after the opening statement to the jury by counsel for the plaintiff at the trial in 1932 of an action of tort commenced in 1929 and based upon a collision of automobiles in 1929, to allow a motion adding a third count to the declaration claiming damages for personal injuries to the plaintiff, where the declaration originally contained two counts, one for damage to the plaintiff's automobile and one for damages consequential upon personal injuries to the plaintiff's wife; and the plaintiff's counsel stated to the trial judge that he had intended to include a count for personal injuries to the plaintiff at the time of the bringing of the action but that through inadvertence he had omitted it.

Tort.   Writ dated November 6, 1929.

Proceedings in the Superior Court, where *Brown*, J., allowed an amendment to the declaration, are described in

the opinion. There was a verdict for the plaintiff in the sum of $1,045.96. The defendant alleged an exception to the allowance of the amendment to the declaration.

The case was submitted on briefs.

*A. R. Pitcoff*, for the defendant.

*F. E. Rafter*, for the plaintiff.

PIERCE, J. This is an action of tort arising out of an automobile accident. The writ is dated November 6, 1929. The original declaration as filed contained two counts. Count 1 alleged a collision on October 4, 1929, on a public highway in the city of Lynn between an automobile owned by the plaintiff and an automobile of the defendant; and that the collision was occasioned by the negligent and unskilful driving of the defendant. In this count damages are claimed for injuries to the plaintiff's automobile. Count 2 described the accident and the alleged cause of the collision in terms substantially like those set out in count 1, and alleged that the wife of the plaintiff received severe bodily injuries in the said collision and that the plaintiff was put to great expense for medical treatment and medicine "occasioned as aforesaid all to his great damage." The answer of the defendant consisted of a general denial and an allegation of contributory negligence.

This case was reached for trial on June 23, 1932, and subsequently to the impanelling of the jury and the opening statement of the counsel for the plaintiff, the plaintiff moved to amend his declaration by the addition of a third count, which reads: "Now comes the plaintiff in the above entitled action and says that on or about the fourth day of October, 1929, the defendant so negligently and unskilfully drove a motor vehicle on Western Avenue in the city of Lynn, Massachusetts, that by reason thereof the plaintiff was injured in consequence of the negligence of the defendant and as the result thereof he suffered much pain of body and anguish of mind and has been put to expense for medical attendance and care." The defendant averred the existence of the statute of limitations as a bar and objected to the allowance of the foregoing motion on the ground that it set up a new cause of action. Counsel for the plaintiff

stated to the judge that he had intended to include a count for injuries to the person of the plaintiff at the time of the bringing of the action but through inadvertence he omitted to do so. The motion was allowed and the defendant duly excepted. The jury returned a verdict for the plaintiff on each count, and the defendant being aggrieved by the allowance of the plaintiff's motion to amend his declaration brings his exceptions to this court.

The allowance of the motion upon the statement to the judge of counsel for the plaintiff that he omitted through inadvertence to include in the original declaration a count for injuries to the person of the plaintiff was fully warranted and was an adjudication that the cause of action set forth in count 3 was one originally intended to be brought. *Shapiro* v. *McCarthy*, 279 Mass. 425, 428–429. *Clark* v. *New England Telephone & Telegraph Co.* 229 Mass. 1, 6. It is plain the amendment allowed was within the discretionary power of the judge. G. L. (Ter. Ed.) c. 231, §§ 51, 138. The allowance of the amendment is not outside the power of the judge even if a new and original action would be barred by the statute of limitations. *Genga* v. *Director General of Railroads*, 243 Mass. 101, 104.

*Exceptions overruled.*