HENRI PELADEAU, LTE., *vs.* THE FRED GILLESPIE LUMBER COMPANY.

Suffolk.   November 6, 1933. — December 28, 1933.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Practice, Civil,* Amendment, Parties.   *Witness,* Credibility.

Where, after the commencement of an action of contract by a corporation, the claim upon which the action was founded was assigned to one who thus became the owner of the claim, the plaintiff corporation still being in existence although in process of liquidation, there was no error of law in the allowance of a motion by the assignee that he be allowed to prosecute the action in the name of the original plaintiff.

In an action upon an account annexed for goods sold, G. L. (Ter. Ed.) c. 231, § 51, warranted the allowance of a motion by the plaintiff, at the commencement of the trial, to amend the declaration by inserting in the account annexed an additional item which covered merchandise sold to the defendant by the plaintiff previous to the date of the writ: it could have been found that the amendment was to enable the plaintiff to sustain the action for the cause for which it was intended to be brought.

An exception to the exclusion of a question, asked in cross-examination of a witness for the plaintiff at the trial of an action for the purpose of

showing that he had an interest in the matter in issue, whether he owed the plaintiff any money at a certain material time, was overruled, it being in the discretion of the trial judge whether the question should be answered.

CONTRACT. Writ dated June 12, 1923.

The pleadings and a motion by one Peladeau are described in the opinion. The defendant alleged an exception to the allowance of the motion by *Gray*, J., in the Superior Court. The action was heard by *Donnelly*, J., without a jury. There was a finding for the plaintiff in the original action in the sum of $11,479.75, a finding for the defendant upon count 1 of the declaration in set-off in the sum of $2,676.47, and a finding for the plaintiff on count 2 of the declaration in set-off. The defendant alleged exceptions.

*L. Wyman*, for the defendant.

*M. L. Orlov*, (*A. P. Rudnick* with him,) for the plaintiff.

CROSBY, J. This is an action of contract brought to recover for merchandise sold and delivered at various times to the defendant. The case is before this court on two bills of exceptions. The defendant filed an answer containing a general denial, payment, breach of contract, and a declaration in set-off. The writ is dated June 12, 1923, and was returnable the first Monday of July. On May 22, 1931, Henri Peladeau filed a substituted motion wherein it was requested that as a party interested he might be allowed to prosecute the action in the name of the original plaintiff. The motion was heard by a judge of the Superior Court in the absence of counsel, and was allowed. In a memorandum filed by the judge it is recited that the motion was heard on numerous affidavits furnished by both parties. He found that Peladeau is now the owner of the chose in action which is the subject of the action by virtue of the assignments referred to in the motion and affidavits; that the plaintiff corporation was liquidated under the "Winding Up Act" of Canada as set forth in the affidavits, but he also found and ruled that such liquidation did not terminate the corporate existence of the plaintiff; that the plaintiff has not used its corporate franchises for a period of more than three years, that such nonuser under Canadian law does

not operate as a forfeiture of corporate existence until judicial proceedings have been instituted for that purpose, and that such existence still continues. To the allowance of the motion the defendant excepted.

The case, together with two claims of the defendant set forth in its declaration in set-off, was thereafter heard on the merits by another judge of the Superior Court. The evidence tended to show that the cause of action for which this action is brought was originally due to the plaintiff, a Canadian corporation, and after the bankruptcy of the plaintiff, in 1924, was assigned through mesne assignments to Henri Peladeau, who was then the owner of the chose in action, and that the present action was prosecuted in the name of Henri Peladeau, Lte., for the benefit of Henri Peladeau individually.

The defendant's declaration in set-off consisted of two counts, the first for $1,944.54 upon an account annexed for various sums alleged to be due from the plaintiff for services and disbursements. The second count sets forth a single item for services rendered in arranging for and procuring cancellation of a contract between the Associated Importers, Ltd., and Henri Peladeau, Lte., by which the defendant alleged that the plaintiff owes the defendant $9,000 with interest.

The judge found for the plaintiff upon the declaration as amended, and assessed damages in the sum of $11,479.75. He found for the defendant upon the first count of the defendant's declaration in set-off in the sum of $2,676.47, and upon the second count of the declaration in set-off the finding was for the plaintiff.

The record shows that Henri Peladeau testified by deposition; that one Fred F. Dow, called by the plaintiff, testified that he was and had been for twenty years a dealer in timber and lumber and was a friend of Fred Gillespie; that they had known each other since 1920 or earlier; that Gillespie told the witness that he went to Europe with Peladeau as his guest and that he had borrowed money from Peladeau; that subsequently Gillespie told the witness that if his sales agency with Peladeau was termi-

nated he would sue Peladeau for his services on the trip to Europe. This witness further testified at length. The defendant's substituted bill of exceptions does not contain all the evidence produced at the trial, it being therein recited in substance that the large bulk of the evidence other than the deposition of Peladeau and the testimony of the witness Dow has not been included in the bill of exceptions "on the defendant's contention that it is not material to the two single questions of law raised by this bill."

The exception saved in the first bill of exceptions is to the granting of the motion of Peladeau to prosecute the action in the name of the original plaintiff for his benefit. It is the contention of the defendant that at common law the assignment of a claim *pendente lite* operates to abate the action, in the absence of a statute expressly authorizing such procedure. It is provided by G. L. (Ter. Ed.) c. 231, § 51, that "The court may, at any time before final judgment, except as otherwise provided, allow amendments introducing a necessary party, discontinuing as to a party or changing the form of the action, and may allow any other amendment in matter of form or substance in any process, pleading or proceeding, which may enable the plaintiff to sustain the action for the cause for which it was intended to be brought, or enable the defendant to make a legal defence." The question whether an amendment is to be allowed or not is generally within the discretion of the judge, and for that reason his decision thereon is not subject to exception. *Smith* v. *Whiting*, 100 Mass. 122. *Barlow* v. *Nelson*, 157 Mass. 395, 398. Peladeau is the successor in interest of the claim of the corporation who was the original party, and he may be substituted where, as here, the change in interest is occasioned by an assignment *pendente lite* of the cause of action. The judge found that Peladeau is the owner of the chose in action which is the subject matter of the suit by virtue of assignments to him, and no valid reason is shown why in justice he should not be allowed to prosecute the suit in his own name. It was said in *Goldman* v. *Noxon Chemical Products Co.* 274 Mass. 526, at page 529: "It is a general principle governing the rights of an assignee

of a chose in action that the assignee ought to be in as good but in no better position than his assignor would have been in without the assignment, and that the debtor ought to be in no worse position than if his original creditor were seeking to enforce his claim in his own right." In view of the common practice and settled law of this Commonwealth to allow amendments authorizing an assignee to prosecute civil actions in the name of the original plaintiff, it is unnecessary to consider decisions in other jurisdictions cited by the defendant. It follows that the first bill of exceptions must be overruled.

It remains to consider the exceptions saved by the defendant at the trial on the merits. At the commencement of the trial the plaintiff filed a motion to amend his declaration by inserting as an additional item, at the end of the account annexed, "1 car of Birch delivered on order of the Defendant," amounting to $597.10. To the allowance of this motion the defendant excepted. It is the contention of the defendant that the amendment added a new cause of action which the judge had no power to allow. This contention cannot be sustained. It is expressly provided by G. L. (Ter. Ed.) c. 231, § 51, that "The court may, at any time before final judgment . . . allow amendments . . . which may enable the plaintiff to sustain the action for the cause for which it was intended to be brought, . . ." The amendment covers merchandise sold by the plaintiff to the defendant several months before the date of the writ. Whether this item was originally omitted from the account annexed by accident or mistake or otherwise, the motion could have been found to enable the plaintiff to sustain the action for which it was intended to be brought. It is within the power of the judge to allow amendments even by adding further counts at any time before final judgment. *Pizer* v. *Hunt,* 253 Mass. 321, 330, 331. *Smith* v. *Boston Elevated Railway,* 266 Mass. 424, 430. *Johnson* v. *Carroll,* 272 Mass. 134, 138. The case of *Church* v. *Boylston & Woodbury Cafe Co.* 218 Mass. 231, cited by the defendant, is not applicable to the present case.

The witness Dow was asked by the defendant in cross-examination, "At the time Henri Peladeau, Lte., went into

bankruptcy, did you owe them any money?" This question was excluded subject to the defendant's exception. The defendant contends that it was competent to show that the witness had an interest in the matter. Whether it should have been answered was within the sound discretion of the trial judge. *Fitzgerald* v. *Young*, 225 Mass. 116, 121. *Glovin* v. *Eagle Clothing Co. Inc.* 247 Mass. 215, 218, 219.

As no error of law appears in the conduct of the trial the entry must be

*Exceptions overruled.*