JOSEPH GALLAGHER *vs.* RUPERT S. WHEELER.

DOROTHY JACOBS *vs.* SAME.

MABEL STANLEY *vs.* SAME.

Middlesex.    May 13, 1935. — December 3, 1935.

Present: RUGG, C.J., PIERCE, DONAHUE, & LUMMUS, JJ.

*Motor Vehicle*, Operation.  *Actionable Tort.  Law of the Road.  Practice, Civil*, Amendment.  *Pleading, Civil*, Demurrer, Answer.  *Limitations, Statute of*.

The statute of limitations is not a ground for demurrer to the declaration in an action at law, but must be pleaded in the answer.

In an action for personal injuries commenced against the operator of an automobile within one year after an accident in which the plaintiff was injured, the declaration originally containing one count for gross negligence of the defendant, there was no error in the allowance, after the expiration of that year, of an amendment adding a count based on G. L. (Ter. Ed.) c. 89, § 5, alleging that the plaintiff's injuries were due to the defendant's violation of §§ 1, 4; both counts were for the same cause of action.

The requirements of G. L. (Ter. Ed.) c. 89, §§ 1, 4, are applicable to motor vehicles.

Violation of G. L. (Ter. Ed.) c. 89, §§ 1, 4, by the operator of an automobile could be found if, at a place where he could not see ahead for one hundred yards because of a curve in the road and vehicles proceeding in the same direction ahead of him, he drove to the left of the middle of the travelled part of the road and so collided with a vehicle approaching in the opposite direction, though he did so when the vehicles ahead of him stopped and he was unable to stop behind them because of his high rate of speed and the fact that through inattention he did not seasonably observe their stopping.

Under G. L. (Ter. Ed.) c. 89, § 5, the operator of an automobile was liable to one injured as a result of the operator's violation of §§ 1, 4, irrespective of his negligence or gross negligence or the fact that the injured person was a guest in the automobile.

THREE ACTIONS OF TORT.    Writs in the Second District Court of Eastern Middlesex dated October 25, 1933.

Upon removal to the Superior Court, the actions were tried before *Qua*, J.    There were verdicts for the defendant upon the first counts of the declarations, and verdicts for

the plaintiffs upon the second counts in the sums, respectively, of $38, $1,800, and $29.   The defendant alleged exceptions.

*Joseph P. Sullivan,* for the defendant.

*M. Michelson,* for the plaintiffs.

RUGG, C.J.   These are three actions of tort brought by the several plaintiffs against the defendant to recover for personal injuries received by them as the result of an accident.

There was evidence tending to show that the accident occurred about three o'clock on a pleasant Sunday afternoon, August 13, 1933; that the plaintiffs were guests of the defendant in his automobile riding in the town of Wareham; that the defendant had been driving at a high rate of speed and had been asked by some or all of the plaintiffs to drive more slowly; that one of the plaintiffs on the back seat began to cry because of the high speed at which the defendant was driving; that thereupon the defendant turned around and said, "Don't cry, you are nothing but a big baby," when his companion on the front seat said to him, "look out, the cars are all stopped in front"; that the defendant, then travelling well over fifty miles an hour, put on his brakes but was too close to the automobile in front, so he cut out to the left and said, "I can't make it"; that he struck the left rear of the automobile in front and hit head-on an automobile coming in the opposite direction; that the automobile of the defendant and the one coming in the opposite direction with which there was collision were badly damaged; that the traffic in both directions was heavy; that there was a curve in the road about two hundred or two hundred fifty feet away from the place of the accident in the direction the defendant was travelling; and that there was a line of perhaps thirty automobiles stopped ahead of the automobile of the defendant at the time of collision.   The speed of the automobile of the defendant was between thirty and thirty-five miles an hour when he hit the automobile in front and about thirty miles an hour at the time of the head-on collision.   Each of the plaintiffs received injuries as a result of the collision.

·The collision occurred on August 13, 1933. The actions were brought on October 25, 1933. The declarations as originally filed contained a single count alleging injuries to each plaintiff while riding as a guest of the defendant in his automobile caused by his gross negligence. . On March 21, 1934, a motion was filed by each plaintiff to amend the declaration by adding a second count. The amendment was the same in substance in each case and alleged that on ᴄAugust 13, 1933, serious injuries were received by the plaintiff due to the violation by the defendant of G. L. (Ter. Ed.) c. 89, §§ 1 and 4. The amendments were framed on § 5 of the same chapter. Its provisions so far as here material are that "Whoever violates any of the provisions of the four preceding sections shall . . . be liable in an action commenced within twelve months after the date of such violation for all damage caused thereby."* By § 1 of the same chapter, when persons travelling with vehicles meet on a way, each shall drive his vehicle to the right of the middle of the travelled part of such way, so that the vehicles may pass without interference; and by § 4, "Whenever on any way, public or private, there is not an unobstructed view of the road for at least one hundred yards, the driver of every vehicle shall keep his vehicle on the right of the middle of the traveled part of the way, whenever it is safe and practicable so to do."

When the cases came on for trial on October 19, 1934, and before any evidence was offered, the motions to amend the declarations were allowed. No exception was taken to the allowance of these motions. The defendant filed a demurrer in each case to the second count thus allowed by the amendment. Each demurrer was overruled subject to exception by the defendant. In each case a verdict was returned in favor of the defendant on the count for gross negligence and in favor of the plaintiff on the count framed on G. L. (Ter. Ed.) c. 89, § 5.

The motions to amend the declarations were proper in form. They were appropriately framed to set out a cause of action under G. L. (Ter. Ed.) c. 89, § 5. The demurrers

---

* See St. 1936, c. 49. — REPORTER.

do not set out a valid ground, since they are general in nature and are to the effect that no cause of action is alleged with substantial certainty.

The demurrers do not mention the statute of limitations. The statute of limitations is not ground for demurrer in an action at law. It must be set up in the answer. *Miller* v. *Aldrich,* 202 Mass. 109, 113. *Hodgdon* v. *Haverhill,* 193 Mass. 327, 330. *Coffey* v. *Rady,* 267 Mass. 301, 305. *Aisenberg* v. *Royal Ins. Co. Ltd.* 266 Mass. 543, 546. The rule in equity is different, where demurrer lies on this ground. *Fogg* v. *Price,* 145 Mass. 513, 516. *Quinn* v. *Quinn,* 260 Mass. 494, 497. The proper course of procedure for the defendant would have been to except to the allowance of the amendments. However, the question argued by the defendant is treated as open under his demurrers; and it is assumed in his favor but without so deciding that the date of the allowance and not of the filing of the motions to amend is decisive in this connection. See *Kaufman* v. *Buckley,* 285 Mass. 83, 86. The defendant contends that the requirement in G. L. (Ter. Ed.) c. 89, § 5, that the action must be commenced within twelve months after the violation of the law of the road, is a condition of the right and not merely a statute of limitations. *McRae* v. *New York, New Haven & Hartford Railroad,* 199 Mass. 418. *Bickford* v. *Furber,* 271 Mass. 94, 97. This distinction is not regarded as material to the issues here raised.

There was no error in the allowance of the amendments to the declarations. The allowance of such amendments rests in sound judicial discretion, and cannot be set aside unless as matter of law unwarranted on the face of the record or on the facts found. *Pizer* v. *Hunt,* 253 Mass. 321, 331, and cases cited. *Shapiro* v. *McCarthy,* 279 Mass. 425. *Batchelder* v. *Pierce,* 170 Mass. 260. *Johnson* v. *Carroll,* 272 Mass. 134, 136. *Henri Peladeau, Lte.* v. *Fred Gillespie Lumber Co.* 285 Mass. 10, 14. *Bowen* v. *Fairfield,* 260 Mass. 38, 40. It is plain that counts for gross negligence at common law and counts based on violation of the statute involving the same conduct might have been joined in a single declaration. *Prescott* v. *Tufts,* 4 Mass.

146.   *Smith* v. *First Congregational Meetinghouse in Lowell*, 8 Pick. 178.   *Fairfield* v. *Burt*, 11 Pick. 244.   *Worster* v. *Proprietors of Canal Bridge*, 16 Pick. 541, 549.   In both counts each plaintiff is seeking vindication for the same wrong done to him personally.   The cases at bar are different from decisions like *Brennan* v. *Standard Oil Co. of New York*, 187 Mass. 376, where the plaintiff was seeking to establish in one action liabilities accruing to him in different capacities in the absence of an enabling statute. *McCarthy* v. *William H. Wood Lumber Co.* 219 Mass. 566. The same injuries to the plaintiffs and the same wrongful conduct of the defendant are involved in both counts in the present declarations.

The only wrong done to the plaintiffs arose out of the wrongful operation by the defendant of his automobile on a public way.   The statement of a different form of liability is not a different cause of action, provided it accrues to the plaintiff in a single capacity, and grows out of the same transaction or act and seeks redress for the same wrong. The second count did not set out a new or independent cause of action not in existence at the date of the writ.   *Smith* v. *Palmer*, 6 Cush. 513, 519.   *Holmes* v. *Carraher*, 251 Mass. 536.   *Mackintosh* v. *Chambers*, 285 Mass. 594, 596, 597. The remedies open to the plaintiffs at common law and under the statute were alternative and not inconsistent and might be sought in the same action, although no plaintiff can have both remedies against the same defendant for the same injury.   *Clare* v. *New York & New England Railroad*, 172 Mass. 211.   *Johnson* v. *Carroll*, 272 Mass. 134, 136.

The allowance of an amendment to a declaration imports a finding that it will enable the plaintiff to maintain the cause of action for which it was intended to be brought. Otherwise the amendment would not be allowed.   *Driscoll* v. *Holt*, 170 Mass. 262, 266.   *Regan* v. *Keyes*, 204 Mass. 294, 305.   *Herlihy* v. *Little*, 200 Mass. 284, 289.   *Upson* v. *Boston & Maine Railroad*, 211 Mass. 446.   *Federal National Bank* v. *O'Keefe*, 267 Mass. 75, 77.   *Shapiro* v. *McCarthy*, 279 Mass. 425, 428, and cases cited.   *Nolan* v. *New York*,

*New Haven & Hartford Railroad*, 283 Mass. 156. The identity of the cause of action in the two counts is thus established. The evidence before the trial judge on which the amendment was allowed is not reported. A finding that the cause of action there set forth would enable the plaintiff to sustain the action for the cause for which it was intended to be brought cannot be set aside. *Clark* v. *New England Telephone & Telegraph Co.* 229 Mass. 1, 5, 6. *Strout* v. *United Shoe Machinery Co.* 215 Mass. 116. When an amendment has been allowed without the taint of legal error it stands as if it had been inserted in the declaration when originally filed. *Regan* v. *Keyes*, 204 Mass. 294, 305.

The circumstance that at the time of the allowance of the amendment the cause of action therein stated would have been barred by the statute if an action had been then first instituted because not commenced within twelve months after the violation of the law of the road did not as matter of law prevent the allowance of the amendment. It has been said that this factor might well be considered a sufficient cause for its being granted, for otherwise the plaintiff might lose a meritorious claim. *Cogswell* v. *Hall*, 185 Mass. 455, 456. *McLaughlin* v. *West End Street Railway*, 186 Mass. 150. *Tracy* v. *Boston & Northern Street Railway*, 204 Mass. 13, 16. *Johnson* v. *Carroll*, 272 Mass. 134, 138. *Roselli* v. *Riseman*, 280 Mass. 338, 340. The practice in this Commonwealth is well settled on this point. It was held in *Hutchinson* v. *Tucker*, 124 Mass. 240, that an amendment to a writ against an individual was permissible so as to charge him in his capacity as administrator although allowed after the statute of limitations had run in his favor in that capacity. That principle has been followed in many decisions. *Genga* v. *Director General of Railroads*, 243 Mass. 101, 104, and cases cited. *Weiss* v. *Director General of Railroads*, 250 Mass. 12, 16. *Phillips* v. *Director General of Railroads*, 251 Mass. 263, 267. *Shapiro* v. *McCarthy*, 279 Mass. 425, 429. *Melanson* v. *Smith*, 282 Mass. 85, 87. In this particular the practice in this Commonwealth differs from that prevailing in the Federal courts

where the allowance of amendments is more constricted. *Union Pacific Railway* v. *Wyler*, 158 U. S. 285. *Mellon* v. *Weiss*, 270 U. S. 565.

It is provided by the Federal employers' liability act that no action shall be maintained under it unless commenced within two years from the date the cause of action accrued. Attempts to introduce after the expiration of that period such a cause of action by amendment into a pending action have been denied by virtue of decisions of the United States courts which are far more strict as to the allowance of amendments than decisions of this court. *Union Pacific Railway* v. *Wyler*, 158 U. S. 285. *Seaboard Air Line Railway* v. *Renn*, 241 U. S. 290, 293, 294. Our decisions follow those of the Federal courts with reference to the interpretation of Federal statutes, but without otherwise narrowing the settled practice of the Commonwealth. *Renaldi* v. *New York Central Railroad*, 256 Mass. 337. *Hughes* v. *Gaston*, 281 Mass. 292, 296.

The cases at bar are distinguishable from *Hester* v. *Brockton*, 251 Mass. 41, where it was held that an action of tort for trespass upon land could not be amended into a petition for the assessment of damages for a taking under eminent domain after the expiration of the time for bringing such a petition. They are also distinguishable from *Sterling* v. *Frederick Leyland & Co. Ltd.* 242 Mass. 8, 13. Cases like *Bickford* v. *Furber*, 271 Mass. 94, and *Crosby* v. *Boston Elevated Railway*, 238 Mass. 564, relate to actions to recover for death of a human being arising from negligence. That cause of action did not exist at common law, is entirely the creature of statute and is different from any other cause of action. *Brooks* v. *Fitchburg & Leominster Street Railway*, 200 Mass. 8. Those cases are not relevant to any issue here raised.

If it be assumed that the provisions of G. L. (Ter. Ed.) c. 89, § 5, to the effect that the action must be brought within twelve months after the date of the violation of the law of the road, constitute a limitation upon the right as well as upon the remedy, *Sterling* v. *Frederick Leyland & Co. Ltd.* 242 Mass. 8, 13, there was no error of law in the

allowance of the amendment. The reasons have already been stated and the authorities collected. *Regan* v. *Keyes*, 204 Mass. 294, 305. *Genga* v. *Director General of Railroads*, 243 Mass. 101, 104, and cases cited.

The provisions of G. L. (Ter. Ed.) c. 89, §§ 1, 4 and 5, although first enacted long prior to the use of automobiles upon highways, are in general terms and were designed to include new conditions of travel arising in the future and not known at the time of their original passage, provided such conditions fall within their scope and purpose. *Commonwealth* v. *Welosky*, 276 Mass. 398, 403. Motor vehicles and their drivers are subject to those provisions. *Patrican* v. *Garvey*, 287 Mass. 62, 64. *Commonwealth* v. *Dzewiacin*, 252 Mass. 126, 129.

There was no error in the denial of the motions for a directed verdict in favor of the defendant on the second count. The evidence already recited as to the circumstances of the accident warranted a finding that the injuries were caused to the plaintiffs through the violation by the defendant of the law of the road prescribed in G. L. (Ter. Ed.) c. 89, §§ 1 and 4. There was testimony to the effect that the collision between the automobile of the defendant and the one coming in the opposite direction occurred because the defendant drove to the left of the middle of the travelled part of the road and because the defendant at a place where his view was not unobstructed for at least one hundred yards did not keep his vehicle to the right of the middle part of the travelled way by reason of inattention and the unreasonably high rate of his speed in all the circumstances. While it may have been that the defendant, by reason of turning his head to speak to one on the back seat of his automobile and his consequent want of observation of the stopping of automobiles in front of him, and by reason of his high speed, reached a place where in some respects it was not safe and practicable to keep his automobile on the right of the middle of the road, that might have been found to be a part of the single act constituting violation of the law of the road in §§ 1 and 4 of said c. 89.

Thus liability under § 5 of the same chapter might have been found to be established. Even apart from the curve in the road, there was evidence that the view of the defendant was obstructed by the automobiles in front so that he could not see for one hundred yards, and that therefore he violated § 4. It was a question of fact to be determined in the light of all the conditions whether the defendant observed the law of the road in the particulars specified. *Anzoni* v. *Gosse*, 274 Mass. 522, 525.

The jury were instructed to the effect that the second count was not based upon negligence but was based upon the violation of §§ 1 and 4 of said c. 89, that neither negligence nor gross negligence need be proved, and that the plaintiffs would establish liability by proof that the defendant violated one or the other or both of those sections and that such violation was the direct proximate cause of their injuries and not a mere condition occurring at the same time. This instruction was correct. The governing section of the statute makes no reference to negligence as the ground of liability. Absolute liability for all damages caused by violation of any of the four preceding sections of the statute is imposed by § 5. In this respect it stands upon the same footing as numerous statutes where absolute liability for injury caused without negligence is fastened upon owners or keepers of property. See, for example, G. L. (Ter. Ed.) c. 140, § 155, as to the keeper of a dog, *Galvin* v. *Parker*, 154 Mass. 346, 348, *Leone* v. *Falco, ante*, 299, and G. L. (Ter. Ed.) c. 160, § 234, as to railroad corporations for fire communicated by locomotive engines, *Boston & Maine Railroad* v. *Hartford Fire Ins. Co.* 252 Mass. 432, 435. See, also, *Commonwealth* v. *Pentz*, 247 Mass. 500, 510, and *Balian* v. *Ogassin*, 277 Mass. 525, 530, where liability without reference to negligence was said to exist. Cases like *Lewis* v. *Boston & Maine Railroad*, 263 Mass. 87, 91, fall in the same class. The instructions given conform to implications of *Goodhue* v. *Dix*, 2 Gray, 181, and *Lovejoy* v. *Dolan*, 10 Cush. 495, 497. *Thorp* v. *Boston Elevated Railway*, 259 Mass. 415, 418. *Schusterman* v. *Rosen*, 280 Mass.

582.  *Patrican* v. *Garvey*, 287 Mass. 62.  There is no question as to the due care of the plaintiffs.  *Parker* v. *Adams*, 12 Met. 415.  *Brown* v. *Alter*, 251 Mass. 223.

The circumstance that the plaintiffs were riding as guests of the defendant does not relieve the defendant from liability.  The doctrine that a guest riding in an automobile cannot recover for injuries received without proof of gross negligence of his host is a part of our common law.  *Massaletti* v. *Fitzroy*, 228 Mass. 487.  The reasoning upon which that doctrine rests is not applicable to this aspect of the cases at bar.  The cause of action set out in count 2 was framed not on the common law but on a liability established by statute.  That statute was designed to promote safety of travel on highways.  It is comprehensive in its phrase. It embraces liability for "all damage caused" by the specified violations of the law of the road.  It contains no exceptions.  If any had been intended, they might easily have been stated.  Guests were likely to be involved in accidents arising from violations of those sections of the law of the road as well before as since the advent of the motor vehicle. The terms of § 5 of said c. 89, according to their natural and reasonable meaning, seem to us to include guests.  A statute is to be interpreted by construing all its words according to the ordinary and approved usage of the language. A limitation can hardly be read into such section by implication.  *Liddell* v. *Standard Accident Ins. Co.* 283 Mass. 340, 347.  *Hanlon* v. *Rollins*, 286 Mass. 444, 447.  *Pawloski* v. *Hess*, 250 Mass. 22, 25.

The plaintiffs in this respect stand on the same footing as a guest riding in an unregistered automobile unlawfully operated on the highway, not knowing or having reasonable cause to know that the law was being violated.  *Balian* v. *Ogassin*, 277 Mass. 525, 530–531.  *LaFucci* v. *Palladino*, 285 Mass. 240, 243.

*Exceptions overruled.*