*Western District*

**FRANK CANTIN**
and
**HENRIETTA F. CANTIN**
v.
**MORRIS MORIARTY**

*Present:* Riley, P. J., Hobson and Garvey, JJ

Case tried to ...... *J., in the District Court of Springfield.* No. 140240.

This case comes to us by voluntary report of the judge. It is alleged that on January 12, 1956 there was a collision on a public way in Springfield between two motor vehicles, one operated by the plaintiff Frank Cantin (Frank) with his wife Henrietta F. Cantin (Henrietta), as a passenger, and the other by the defendant, Morris Moriarty.

On October 24, 1956 Frank commenced an action of tort against Moriarty wherein he sought recovery for damage to his motor vehicle. The defendant appeared and answered.

On January 19, 1957 (five days after the expiration of the one year statute of limitations) Frank filed a motion asking that he be permitted to amend his writ, by adding as a party plaintiff, Henrietta, and to amend his declaration by adding two counts: (a) a count by Henrietta for personal injuries, and (b) a count by him for consequential damages.

The report states: "After proper notice to the attorney of record for the defendant the motion was allowed by a justice of this court on January 23, 1957. It does not appear of record that the said motion was objected to by the defendant." The evidence given, if any, at this hearing is not reported. Defendant did not claim a report to this order. Thereafter

the defendant duly appeared as to these added counts, filed interrogatories to be answered by Frank and Henrietta, and other pleadings.

On September 3, 1959, the defendant filed a motion to dismiss the action as to the plaintiff Henrietta, assigning as a reason lack of power on the court to allow the amendment. This motion came before a judge other than the one who allowed the amendment. After hearing, the "second" judge dismissed the motion to dismiss and declined to pass upon defendant's requests for rulings, all of which were directed to the issue of the power of the "first" judge to allow such an amendment. He filed a memorandum, made part of the report, of his reasons for making this interlocutory order, and then reported the case under the provisions of G. L. (Ter. Ed.) c. 231, §108.

It is for us to determine the correctness of his rulings. *East Hampton Bank & Tr. Co. v. Collins,* 287 Mass. 218, 219 and *LaCaisse Populaire Credit Union v. Cross,* 293 Mass. 190, 192.

There was no error. The defendant not having claimed a report to the "first" judge's allowance of Frank's motion to add his wife Henrietta as a party plaintiff, and by filing an appearance and other pleadings, it is now too late, for him to complain. "The proper course of procedure for the defendant would have been to except to the allowance of the amendments." *Gallagher v. Wheeler,* 292 Mass. 547, 550. On these facts the allowance of the amendments, if legally done, became the "law of the case". In *Peterson v. Hopson,*

306 Mass. 597, 603, the court said: "A judge should hesitate to undo his own work. Still more should he hesitate to undo the work of another judge." At page 599 it said: "Where there has been no change of circumstances, a court or judge is not bound to reconsider a case, an issue, or a question of fact or law, once decided. A question of law not seasonably and properly saved, cannot be revived by the simple expedient of bringing it forward again, demanding a second ruling, and claiming an exception or appeal from that second ruling." No change in circumstances has been shown. See also "Law of the Case" by Lummus, J. in 9 B. U. Law Rev. 225.

It is clear that the "second" judge did not undertake to reconsider the matter of the legality of the allowance of the amendment by the "first" judge. Even if he did, his order was correct.

However, treating the principal question argued by the defendant — the power of the court to allow such an amendment — as open, and assuming without deciding, that a motion to dismiss is the proper way to raise the issue, there was no error.

Amendments are permitted by G. L. (Ter. Ed.) c. 231, §51, which provides

"The court may, at any time before final judgment, except as otherwise provided, allow amendments introducing a necessary party, discontinuing as to a party or changing the form of the action, and may allow any other amendment in matter of form or substance in any process, pleading or proceeding, which may enable the plaintiff to sustain the action for the cause for which it was intended to be brought, or enable the defendant to make a legal defence." G. L. (Ter. Ed.)

c. 231, §138 provides in part that ". . . the allowance by the court of an amendment shall be conclusive evidence of the identity of the cause of action".

"The power of the court in this regard is very broad." *Strout v. United Shoe Mach. Co.,* 215 Mass. 116, 119. It is discretionary and error to deny for lack of power, as a matter of law, a motion seeking to substitute one defendant for another. *Peterson v. Cadogan,* 313 Mass. 133.

No case has been cited, and we can find none, directly on the point of permitting an amendment to add a party plaintiff under the circumstances disclosed by the facts in this case.

Amendments have been granted allowing the addition of a partner as a party plaintiff, *Richardson v. Bartlett,* 223 Mass. 450; substitution of a party as plaintiff, *Henri Peladeau, Ltd. v. Fred Gillespie Lumber Co.,* 285 Mass. 10; *Stout v. United Shoe Mach. Co.,* 215 Mass. 116; *Robinson v. Trustees of NY, NH & H RR.,* 318 Mass. 121; substitution of a party defendant, *Johnson v. Carroll,* 272 Mass. 134; amendment of declaration; *Gallagher v. Wheeler,* 292 Mass. 547.

In the *Johnson* and *Gallagher* cases the amendments were allowed after the expiration of the statute of limitations. At page 552 in the Gallagher case the court said:

"The circumstance that at the time of the allowance of the amendment the cause of action therein stated would have been barred by the statute if an action had been then first instituted because not commenced within twelve months after the violation of the law of the road did not as matter of

law prevent the allowance of the amendment. It has been said that this factor might well be considered a sufficient cause for its being granted, for otherwise the plaintiff might lose a meritorious claim." "(It) may furnish a reason for it." *Peterson v. Cadogan,* 313 Mass. 133, 134. *

The reasoning and the rules of law established in the *Johnson* and *Gallagher* cases are applicable to the facts in the present case. The court said in the *Gallagher* case at pages 550, 551, 552:

"The allowance of such amendments rests in sound judicial discretion, and cannot be set aside unless as a matter of law unwarranted on the face of the record or on the facts found." "The second count did not set out a new or independent cause of action not in existence at the commencement of the writ." "The allowance of an amendment to a declaration imports a finding that it will enable the plaintiff to maintain the cause of action for which it was intended to be brought." "The evidence before the trial judge on which the amendment was allowed is not reported. A finding that the cause of action there set forth would enable the plaintiff to sustain the action for the cause for which it was intended to be brought cannot be set aside."

The court in *Strout v. United Shoe Mach. Co.,* 215 Mass. 116, 119 stated:

"The allowance of the amendment by the court is made 'conclusive evidence of the identity of the cause of action' ",

* The defendant does not argue this issue, but we have the feeling that had the amendment making Henrietta a party been presented and allowed before the expiration of a year, as is frequently done in practice, this case would not be here.

and in *Johnson v. Carroll,* 272 Mass. 134, 136, "The allowance of the amendment striking out Osborne as the defendant and inserting Carroll as the defendant was an adjudication by the court that the several plaintiffs would thereby

be enabled to maintain their action for the causes for which they were originally intended to be brought."

It is to be observed that G. L. (Ter. Ed.) c. 231, §4a, enacted in 1943, permits the joinder of parties such as these as plaintiffs in one writ in actions arising out of occurrences such as a motor vehicle accident of the kind we are considering. This statute does not restrict the joinder of parties to the commencement of the action. Inasmuch as Henrietta could have been joined as a party plaintiff when Frank commenced the action, *if that was his intention,* we can see no valid reason prohibiting the court, in its discretion, allowing an amendment adding her any time before final judgment.

In the instant case the "first" judge, by the allowance of the motion to amend, *found that it was intended* that Henrietta be a party when the action was commenced by her husband Frank. There is nothing to indicate otherwise. His action was conclusive.

It has been held improper to allow amendments when on the face of the record, or on the facts, it can be determined that such amended action was not *intended* when the action was commenced. The defendant cites these cases in support of his contention. An analysis of a few of them will be sufficient to demonstrate their inapplicability to the instant case.

In *Church v. Boylston,* 218 Mass. 231, the plaintiff after instituting a tort action for personal injuries died. It was error for the court to allow an amendment permitting his administrator to add a count alleging death. "It

follows as a matter of law that MacDonald could not have intended to bring an action originally for his own death." To the same effect see: *Sharples v. M. T. A.,* 327 Mass. 171. In *Bowen v. Fairchild,* 260 Mass. 38, 40 the court said: "It sets forth a new cause of action which was not in existence when the action was brought in 1917. In these circumstances the judge had no power to allow the amendment."

No prejudicial error having been found, the report is ordered dismissed.

John H. Madden, Jr. of Springfield, for the Plaintiff.

Charles Brid of Springfield, for the Defendant.