*Western Division*

**ROBERT E. CUMMINGS**

v.

**FRED J. CICCIU**

(June, 1961 — July 10, 1961)

*Present:* Riley, C. J., Hobson & Garvey, JJ.

Case tried to *Lee, J.,* in the Third District Court of Worcester. No. 10897.

*Garvey, J.* This cause comes to us by voluntary report of the judge. The only issue presented for determination is the correctness of the allowance of a motion permitting the

plaintiff to amend a declaration by adding a count for personal injuries.

The facts found and reported are based on statements and affidavits of counsel. It appears there was a collision on January 28, 1959, of motor vehicles owned and operated by the parties. A writ in the name of the plaintiff, dated July 20, 1959, returnable August 22, 1959, issued from the office of a Boston attorney on behalf of the assignee of the plaintiff's claim for property damage. The ad damnum was in the amount of $1,000 and the summons served on the defendant recited the action was for "property damage to motor vehicle". The declaration, in one count, alleged a claim for property damage. Interrogatories of the parties to each other were filed and answered.

The action was marked for trial on November 2, 1959, but was continued generally at the request of the plaintiff's attorney of record for the purpose of permitting the plaintiff to protect his rights with respect to his claim for damages for bodily injuries. In March of 1959, the plaintiff retained a Worcester attorney for this purpose. Negotiations for settlement were fruitless, terminating in May of 1959. On March 5, 1960, (after the expiration of the one year statute of limitations) the plaintiff, by his Worcester attorney, filed a motion to amend the declaration by adding a count alleging personal injuries. Over the objection of the defendant the motion was allowed.

The power to allow amendments is now

governed by statutes. G. L. (Ter. E.) c. 231, §51 provides:

"The court may, at any time before final judgment, except as otherwise provided, allow amendments introducing a necessary party, discontinuing as to a party or changing the form of the action, and may allow any other amendment in matter of form or substance in any process, pleading or proceeding, *which may enable the plaintiff to sustain the action for the cause for which it was intended to be brought, (emphasis supplied)* or enable the defendant to make a legal defence".

G. L. (Ter. Ed.) c. 231, §138 provides, in part,

"The cause of action shall be considered to be the same for which the action was brought, if the court finds it to be the cause of action relied on by the plaintiff when the action was commenced, however the same may be misdescribed; and the allowance by the court of an amendment shall be conclusive evidence of the identity of the cause of action."

"The power of court" to allow amendments "is very broad", *Strout v. United Shoe Mach. Co.*, 215 Mass. 116, 119; but "is not unlimited", *Bowen v. Fairfield*, 260 Mass. 38, 41, *Silver v. Jordon*, 139 Mass. 280. It "rests in sound judicial discretion, and cannot be set aside unless as a matter of law unwarranted on the face of the record or on the facts found". *Gallagher v. Wheeler*, 292 Mass. 547, 550 and cc. That the statute of

limitations has run at the time the motion to amend is presented does "not as matter of law prevent the allowance (of such an) amendment", Page 552, *Gallagher* case, and might be "found to afford additional reason for allowing" it. *Johnson v. Carroll,* 272 Mass. 134, 138.

In *Church, adm. v. Boylston,* 218 Mass. 231, it was held to be error to allow an amendment permitting an administrator to add a count alleging death in an action commenced by the intestate during his lifetime. "It follows as a matter of law that [the intestate] could not have intended to bring the action originally for his own death". On similar facts, it is said in *Sharpe, exec. v. MTA,* 327 Mass. 171, 173: "The plaintiff is not helped by the provisions of G. L. (Ter. Ed.) c. 231, §138 that 'the allowance by the court of an amendment shall be conclusive evidence of the identity of the cause of action' as being the same for which the cause of action was brought. This section does not apply where as here, it is plain as a matter of law that the cause of action proposed to be introduced by amendment could not possibly have been the same as that for which the action was originally brought".

There must be a showing (1) that the cause of action arose out of the same situation, present here, and (2) that it was originally intended to be included in the pending action, not present here. The attorney who initiated the action was not retained by the plaintiff to prosecute the claim for property damage,

an assignable claim, much less the claim for personal injuries, a non-assignable claim. See *Dearden v. Hey*, 304 Mass. 659, 662. The real party in interest was the plaintiff's assignee who merely exercised its right to use the plaintiff's name in the action. A finding of the essential fact that the plaintiff originally intended to bring an action for personal injuries was not warranted on the facts reported. *Johnson* case.

This case is distinguishable from the *Strout* and *Gallagher* cases where findings of fact were not reported, thereby making the allowance of an amendment conclusive as to identity, and *Melanson v. Smith*, 282 Mass. 85, where, by inadvertance, "a count for injuries to person of the plaintiff" was omitted.

The order allowing the motion to amend is revoked and the action remanded to the district court for further proceedings consistent with this opinion.

Richard D. Agajanian of Worcester, for the plaintiff.

Francis C. Reynolds of Boston, for the defendant.